REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

1   Courtland L. Reichman (SBN 268873)
    creichman@mckoolsmithhennigan.com
2   MCKOOL SMITH HENNIGAN P.C.
    255 Shoreline Drive, Suite 510
3   Redwood Shores, CA 94065
    Telephone: (650) 394-1400
4   Fax: (650) 394-1422

5   ADDITIONAL COUNSEL LISTED ON
    SIGNATURE PAGE
6
7   Attorneys for Defendants Rockstar
    Consortium US LP and MobileStar
    Technologies LLC
8

9               **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11                    **OAKLAND DIVISION**

12  | Google, Inc. | ) | Case No. 13-cv-5933 CW |
13  |              | ) |                        |
    |     Plaintiff, | ) |                      |
14  |              | ) | **DEFENDANTS' MOTION TO** |
    |     vs.      | ) | **DISMISS UNDER FED. R. CIV. P.** |
15  |              | ) | **12(b)(2) AND 12(b)(3) FOR LACK OF** |
    | Rockstar Consortium U.S. LP and | ) | **PERSONAL JURISDICTION AND** |
    | MobileStar Technologies LLC | ) | **IMPROPER VENUE AND TO** |
16  |              | ) | **DECLINE EXERCISING** |
    |     Defendants. | ) | **JURISDICTION UNDER THE** |
17  |              | ) | **DECLARATORY JUDGMENT ACT** |
18  |              | ) |                        |
19  |              | ) | Date: March 13, 2014   |
    |              | ) | Time: 2:00 p.m.        |
20  |              | ) | Courtroom: TBD         |
    |              | ) | Judge: Hon. Claudia Wilken |
21  |              | ) |                        |
22  |              | ) |                        |
23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE AND TO DECLINE
EXERCISING JURISDICTION UNDER THE DECLARATORY JUDGMENT ACT—Case No. 3:13-cv-5933-CW

McKool 960087v1

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

TO PLAINTIFF GOOGLE INC. AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, March 13, 2014, at 2:00 p.m., or as soon thereafter as it may be heard, Defendants Rockstar Consortium U.S. LP ("Rockstar") and MobileStar Technologies LLC ("MobileStar) respectfully will move, and hereby do move, to dismiss Plaintiff Google Inc.'s Complaint for Declaratory Judgment of Non-Infringement (D.I. 1) filed on December 23, 2013. Defendants Rockstar and MobileStar respectfully bring this motion pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure upon the grounds that this Court lacks personal jurisdiction over Defendants and this forum is an improper venue; Defendants also maintain that this Court should decline exercising jurisdiction under the Declaratory Judgment Act. This motion is supported by the attached Memorandum of Points and Authorities, the accompanying Declaration of Afzal Dean, the record in this matter, and any other argument that the Court may accept at the hearing.

## RELIEF REQUESTED

Defendants Rockstar and MobileStar seek an order granting their motion to dismiss Plaintiff Google Inc.'s Complaint for lack of personal jurisdiction and improper venue and to decline exercising jurisdiction under the Declaratory Judgment Act.

Respectfully submitted,

Dated January 23, 2014.

By: */s/ Courtland Reichman*
Courtland L. Reichman (SBN 268873)
McKool Smith Hennigan, P.C.
255 Shoreline Drive Suite 510
Redwood Shores, CA 94065
(650) 394-1400
(650) 394-1422 (facsimile)

Mike McKool (Pro Hac Vice Application to be filed)
mmckool@mckoolsmith.com
Douglas A. Cawley (Pro Hac Vice Application to be filed)

McKool 960087v1

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

dcawley@mckoolsmith.com
Ted Stevenson III (Pro Hac Vice Application to be filed)
tstevenson@mckoolsmith.com
David Sochia (Pro Hac Vice Application filed)
dsochia@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court Suite 1500
Dallas, TX 75201
(214) 978-4000
(214) 978-4044 (facsimile)

Attorneys For Defendants
Rockstar Consortium U.S. LP and
MobileStar Technologies LLC

McKool 960087v1

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

## **TABLE OF CONTENTS**

I. Introduction And Summary Of The Argument .......................................................... - 1 -

    A.    Google's Theory Of Personal Jurisdiction Conflicts With Controlling Precedent ................................................................................................ - 1 -

    B.    This Suit Was Filed In An Improper Venue ............................................. - 3 -

    C.    The Court Should Exercise Its Discretion And Refuse Jurisdiction ................ - 3 -

II. Statement of Facts ................................................................................................ - 5 -

    A.    Rockstar And MobileStar's First-Filed Suit In the Eastern District of Texas .......... - 5 -

    B.    MobileStar and Rockstar Are Texas Companies With Few California Contacts ..... - 5 -

III. This Court Lacks Personal Jurisdiction Over MobileStar ........................................ - 6 -

    A.    This Court Has Neither General Nor Specific Personal Jurisdiction Over Mobilestar ................................................................................................ - 7 -

    B.    Lacking Jurisdiction Over MobileStar, Google's Complaint Must Be Dismissed ................................................................................................ - 8 -

IV. This Court Lacks Personal Jurisdiction Over  Rockstar ......................................... - 10 -

    A.    Rockstar's Limited Patent Discussions Do Not Subject It To Specific Jurisdiction In California ......................................................................... - 10 -

    B.    Rockstar's Minimal Contacts With California Are Permissible Patent Licensing Discussions That Do Not Subject Rockstar To Specific Jurisdiction .... - 11 -

    C.    Rockstar's Sporadic And Insubstantial Contacts With California Do Not Give Rise To General Jurisdiction ................................................................... - 13 -

        1.    Rockstar's is a Texas entity and does not have contacts with California that "approximate a physical presence" ............................ - 13 -

        2.    Rockstar's lone, part-time, independent contractor in California does not subject Rockstar to general jurisdiction ................................ - 14 -

        3.    Revenue generated from non-exclusive licensees located in California is insufficient to justify general jurisdiction ................................ - 15 -

        4.    The contacts of Rockstar's shareholders may not be imputed to Rockstar ........................................................................................ - 15 -

V. This District Is Not The Proper Venue For This Suit ............................................. - 16 -

VI. The Court Should Decline to Exercise Jurisdiction Over Google's Claims .......................... - 17 -

    A.    The Court Has Discretion To Decline Jurisdiction Over Declaratory Claims ........ - 17 -

    B.    The Court Should Decline Jurisdiction Because Google's Claims Do Not Meet The Purpose Of The Declaratory Judgment Act ................................ - 18 -

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

1       1.      The Court should decline jurisdiction because Google's complaint is an attempt at forum shopping .................................................................- 18 -

2       2.      Google's claims are an inefficient use of judicial resources........................- 19 -

3     C.     The Court Should Decline to Assert Jurisdiction Under the First-Filed Rule ........- 20 -

4       1.      The Texas Actions are first-filed and should be favored............................- 20 -

5       2.      Judicial efficiency and interests of justice favor the Texas Actions...........- 22 -

6  VII. Conclusion....................................................................................................- 24 -

McKool 960087v1

<u>REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED</u>

**<u>TABLE OF AUTHORITIES</u>**

3D Sys. Inc. v. Aarotech Labs., Inc., 160 F.3d 1373(Fed. Cir. 1998)…………………….…15, 20

A123 Sys. v. Hydro-Quebec, 626 F.3d 1213 (Fed. Cir. 2010)……………………………..9, 13

Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419 (4th Cir. 1998). ……………….…5,9

Arrowhead Indus. Water, Inc., 846 F.2d ……..………………………………….……………….. 23

Autogenomics Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012 (Fed. Cir. 2009)..3, 7, 11,12,15,17

Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324 (Fed. Cir. 2008) …......1,6,8,10,15,16

Campbell Pet Co. v. Miale, 542 F.3d 879 (Fed. Cir. 2008)……….……………………12, 16

Catalyst Assets LLC v. Life Techs. Corp., 2012 U.S. Dist. LEXIS 84347, *7-8

   (N.D. Cal. June 17, 2012) ……………………………………………………….....22, 23

Cf. Continental Grain Co. v. The FBL-585, 364 U.S. 19 (1960) …………………………..4, 8

Daimler AG v. Bauman, No. 11-965, slip op. 14 n.11 (U.S. Jan. 14, 2014)…………..... 6,7,17,19

E.E.O.C. v. Peabody Western Coal Co., 400 F.3d 774 (9th Cir. 2005)…………... …….6, 9, 13

Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341 (Fed. Cir. 2005)

   (quoting Wilton v. Seven Falls Co., 515 U.S. 277 (1995)…………………….………3, 8,21,22

EMC Corp. v. Norand Corp., 89 F.3d 807 (Fed. Cir. 1996)………………………………21

Futurewei Techs., Inc. v. Acacia Research Corp., 737 F.3d 704 (Fed. Cir. 2013) ……………..25

Gen. Tire & Rubber Co. v. Watkins, 373 F.2d 361 (4th Cir. 1967)………………………..…4, 9

Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931 (Fed. Cir. 1993)………………..…………… 24

Helicopteros Nacionales De Colombia, S.A. v. Hall, 466 U.S. 408 (1984)………………7, 12, 18

Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800 (9th Cir. 2002)…………………..4, 8, 23

IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008,

   (N.D. Cal. 2000) (citing CP Nat'l. Corp. v. Bonneville Power Admin., 928 F.2d 905

   (9thCir.1991))………………………………………………………..…………………...…8,13

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)………………………………...7,8,11,12

Intersearch Worldwide, Ltd. v. Intersearch Group, Inc., 544 F.Supp.2d 949, 959

   (N.D. Cal.2008)……………………………………………………………………………… 25

Juniper Networks, Inc. v. SSL Servs., LLC, Case No. 08-cv-5758, 2009 U.S. Dist. LEXIS

   112399, *11-12 (N.D. Cal. Nov. 16, 2009)…………………………………………….11,16

Kescoli v. Babbitt, 101 F.3d 1304 (9th Cir. 1996)…………………………………..… 14

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

Kyocera Communs., Inc. v. ESS Techs. Int'l, Inc., 2012 U.S. Dist. LEXIS 89267, *7-8 (N.D. Cal. June 27, 2012)………………………………………………………...……….18, 22, 24

Merial Ltd. v. Cipla Ltd., 681 F.3d 1283……………………………………………….4,9,24,26

Microchip Tech., Inc. v. United Module Corp., CV-10-04241-LHK, 2011 U.S. Dist. LEXIS 73276, 2011 WL 2669627 (N.D. Cal. July 7, 2011 …………………………….…….. 25, 26

Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir.1982)……………………25

Proofpoint, Inc. v. InNova Patent Licensing, LLC, 2011 U.S. Dist. LEXIS 120343, (N.D. Cal. Oct. 17, 2011)………………………….………………………………………………25, 26

Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237(1952)…………………….……… 21

Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (U.S. 1996)…………………………....…21

Radio Sys. Corp. v. Accession, Inc., 638 F.3d 785 (Fed. Cir. 2011)…………………..8,10, 12,15

Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355 (Fed. Cir. 1988) …………………………………………………….…….….…...7, 8, 10, 12,14

Serco Servs. Co., L.P. v. Kelley Co., 51 F.3d 1037(Fed. Cir. 1995)…………….…...………….23

Smugmug, Inc. v. Virtual Photo Store LLC, Case No. 09-cv-2255 CW, 2009 U.S. Dist. LEXIS 112400, *11 (N.D. Cal. Nov. 16, 2009)…………………………………….....10,15, 17

Sony Elecs., Inc. v. Guardian Media Techs., Ltd., 497 F.3d 1271 (Fed. Cir. 2007)) ………….....21

Teva Pharms. USA, Inc. v. Eisai Co., 620 F.3d 1341 (Fed. Cir. 2010)……………………4, 8, 23

Vanguard Prods. Group, Inc. v. Protex Int'l Corp., No. 05 C 6310, 2006 WL 695700 ……….4, 9

**Other Authorities**

28 U.S.C. §§ 1391(b) and (c) ………………………………………………...……3,16, 20

Cal. Civ. Proc. Code § 410.10…………………………………….…...……………………7, 11

Fed. R. Civ. P. 12(b)(2) ……………………………………………………………………6, 11

Fed. R. Civ. P. 19(b)………….……………………………………………………………9,13

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    Introduction And Summary Of The Argument**

3

Google filed this suit under the Declaratory Judgment Act, 28 U.S.C. § 2201, to determine

4

whether its "Android platform" and related products infringe the patents-in-suit. But Google has

5

sued two parties with no material California ties, and invites the Court to resolve a dispute that was

6

already pending—and will *remain* pending—in a proper forum in Texas. Google is the "natural"

7

defendant, and its *second*-filed declaratory action cannot trump the "natural" plaintiffs' *first*-filed

8

action in Texas. Google could have asserted its claims as *defenses* in the preexisting Eastern District

9

10

of Texas action, and there was no legitimate reason for Google to file its own duplicative action

11

here.

12

**A.    Google's Theory Of Personal Jurisdiction Conflicts With Controlling Precedent**

13

According to Google, "Rockstar" (defined as including MobileStar) engages in certain

14

business activities in California, including meetings, providing notice of patent rights and discussing

15

16

licensing opportunities. Compl. 3-4. Even if true, as a matter of law, such limited contacts cannot

17

establish general or specific jurisdiction over either Rockstar or MobileStar. While Google's

18

complaint defines "Rockstar" as including MobileStar, each are separate legal entities, whose

19

contacts with California must be separately examined. *Avocent Huntsville Corp. v. Aten Int'l Co.*,

20

552 F.3d 1324, 1329 (Fed. Cir. 2008) ("[e]ach defendant's contacts with the forum State must be

21

assessed individually"). ████████████████████████████████████████████████

22

████████████████████████████████████████████  Yet, MobileStar is an indispensable party to

23

this litigation—it is the owner of five of the seven patents-in-suit and the exclusive licensee of the

24

other two patents. In the absence of jurisdiction as to MobileStar, this action must be dismissed.

25

*E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 779-80 (9th Cir. 2005) (If an indispensable

26

27

party cannot be joined, the action must be dismissed).

28

McKool 960087v1

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

Moreover, general jurisdiction requires "affiliations 'so "continuous and systematic" as to render [the foreign corporation] *essentially at home in the forum State*,' *i.e.*, comparable to a *domestic enterprise in that State.*" *Daimler AG v. Bauman*, No. 11-965, slip op. 14 n.11 (U.S. Jan. 14, 2014) (emphases added); *see also id.* at 20 (specifically rejecting Google's lead theory that it is sufficient to assert "continuous and systematic" contacts (Compl. 3)—instead, the proper inquiry is whether those contacts are "*so* 'continuous and systematic' *as to render [the corporation] at home in the forum State*") (emphasis added). In only "exceptional case[s]" will this standard sweep in corporations like Rockstar and MobileStar from outside their "formal place of incorporation or principal place of business" (*id.* at 20 n.19), and this is no such "exceptional" case. Rockstar and MobileStar do not bear a single hallmark of a California enterprise, and there is no good-faith basis for asserting they are effectively *California corporations*. Rockstar's and MobileStar's limited in-state contacts are the same kind of contacts that arise in routine business dealings. If a handful of meetings, visits, and engagements qualify for "all-purpose" jurisdiction, it is difficult to imagine any business with a nationwide practice avoiding "general jurisdiction" in every State. That is directly contrary to general jurisdiction's "less dominant" role in "the contemporary scheme." *Id.* at 14.[1]

Nor does Rockstar's and MobileStar's so-called "enforcement campaign" establish specific jurisdiction. Compl. 3. A patentee is afforded "sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." *Red Wing Shoe,* 148 F.3d at 1360-61. The ordinary activities of "offer[ing]…a license," sending "cease-and-desist letter[s]," and "initiat[ing] settlement negotiations" are per se insufficient under the controlling framework. *Id.* Google's allegations are limited to exactly the kind of "efforts" that are *not* "to be considered for

---

[1] Google's allegation that "Rockstar's licensing and enforcement efforts in California have generated substantial revenues" is also incompatible with circuit law: the in-state contacts of *licensees* are not "'constitutionally cognizable' for purposes of jurisdiction," and thus "any financial benefits accruing to [Rockstar and MobileStar] from [their] licensees' relations with [California] are irrelevant." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1362 (Fed. Cir. 1988).

McKool 960087v1

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

1
2

establishing specific personal jurisdiction." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1020 (Fed. Cir. 2009).[2]

3

### B.      This Suit Was Filed In An Improper Venue

4
5
6
7
8
9
10
11
12
13
14

Contrary to Google's contention, this is *not* a "judicial district in which any defendant resides," since Rockstar and MobileStar each reside *in Texas*. 28 U.S.C. § 1391(b)(1). Nor did a "substantial part" of any act underlying "the claim" occur in California (*id.* § 1391(b)(2)), since "the claim" is *patent infringement*—and Rockstar and MobileStar's effort to "enforce[]" these patent claims is ongoing *in Texas*. *Autogenomics*, 566 F.3d at 1020 (distinguishing patent litigation from pre-enforcement efforts to "commercialize" a patent). Finally, the Eastern District of Texas is *both* a "district in which [this] action may otherwise be brought" and a "judicial district," unlike this one, "in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b)(3). The only reason this action was filed in this venue was because it was Google's preferred forum— Google's preference, however, is not a relevant consideration under the statutory scheme.

15
16

### C.      The Court Should Exercise Its Discretion And Refuse Jurisdiction

17
18
19
20
21
22
23
24

This Court has "unique and substantial discretion" to refuse jurisdiction under the Declaratory Judgment Act. *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Congress authorized declaratory relief so that "natural" defendants (like Google here) would not be forced into the intolerable position of endlessly awaiting a suit that could establish their rights. *See, e.g.*, *Electronics for Imaging,* 394 F.3d at 1345. Here, however, there is no need for § 2201 relief because Google is not "'await[ing] the commencement of legal action by the other side.'" *Id.* Google, the "natural"

25
26
27
28

---

[2] Google also asserts that "Rockstar's shareholders" have substantial California contacts (Compl. 3), which might be relevant if this suit were against—*Rockstar's shareholders*. Rockstar and MobileStar are separate corporate entities with their own corporate identities. Unless Google wishes to pierce the corporate veil—a theory unmentioned anywhere in its complaint—there is no rule of law or logic that subjects a corporation to jurisdiction anywhere its shareholders can be sued.

McKool 960087v1

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

1   defendant, has attempted to *avoid* the preexisting "legal actions" in Texas in favor of filing a

2   redundant suit in this Court.

3       This case thus accomplishes exactly *none* of the Act's objectives: by favoring Google's

4   second-filed declaratory action over the first-filed action in the Eastern District of Texas, the court

5   would (i) embrace duplicative litigation in multiple forums; (ii) create an unnecessary risk of

6   inconsistent verdicts; and (iii) reward Google, the "natural" defendant, for its explicit act of forum-

7   shopping (while imposing undue burdens on Rockstar and MobileStar, the "natural" plaintiffs, for

8   electing a Texas forum where all seven actions could be litigated in a single district). *See, e.g., Teva*

9   *Pharms. USA, Inc. v. Eisai Co.*, 620 F.3d 1341, 1349 (Fed. Cir. 2010); *Huth v. Hartford Ins. Co. of*

10  *the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002).

11

12      This type of duplicative, two-track litigation is not an acceptable use of judicial or party

13  resources. Rockstar and MobileStar, the "natural" plaintiffs, chose Texas as an appropriate forum for

14  the pending litigation; it is a forum that all parties can access fairly, and it is one in which an open

15  court will fully resolve the very dispute Google wishes to relitigate here. *Cf. Continental Grain Co.*

16  *v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving

17  precisely the same issues are simultaneously pending in different District Courts leads to the

18  wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *Gen. Tire &*

19  *Rubber Co. v. Watkins*, 373 F.2d 361, 362 (4th Cir. 1967) (rejecting "extravagantly wasteful and

20  useless duplication of the time and effort of the federal courts by the simultaneous trial of two

21  complex and elaborate cases involving substantially the same factual issues"). Once Rockstar and

22  MobileStar filed their actions in Texas, there was no legitimate reason for Google to file its own

23  duplicative action here. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). "The

24  Declaratory Judgment Act is not a tool to be used by potential litigants for the purpose of securing

25  the forum." *Vanguard Prods. Group, Inc. v. Protex Int'l Corp.*, No. 05 C 6310, 2006 WL 695700, at

26

27

28

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

*5 (N.D. Ill. Mar. 14, 2006); *accord Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998).

*        * *

For any of these independent reasons, there is no basis for invoking the Court's jurisdiction over this duplicative, second-filed, declaratory action. The Court should dismiss Google's complaint and permit the dispute to be resolved in the ordinary course—the "seven lawsuits" Google itself recognizes (Compl. 1) have already been filed in the Eastern District of Texas.

## II.    Statement of Facts

### A.    Rockstar And MobileStar's First-Filed Suit In the Eastern District of Texas

On October 31, 2013, Rockstar and MobileStar filed a series of actions in the Eastern District of Texas alleging that several companies—ASUS, HTC, Huawei, LG, Pantech, Samsung, and ZTE—infringed seven patents. ("Texas Actions"); *see* Exh. A-G. MobileStar owns five of the seven patents and is the exclusive licensee (from Rockstar) of the other two patents. Declaration of Afzal Dean ("Dean Decl.") at ¶¶ 5, 15, 24. The same seven patents are at-issue in Google's complaint. Compl. 2.

Google did not seek to intervene in the Texas Actions.  Instead, it filed this declaratory-judgment suit on December 23, 2013, nearly two months after the Texas Actions were filed. On December 31, 2013, Rockstar and MobileStar added Google as a defendant in their already-pending suit against Samsung. Exh. H. Google's answer is due in Texas on February 17, 2014.

### B.    MobileStar and Rockstar Are Texas Companies With Few California Contacts

Rockstar and MobileStar are both Delaware entities with principal places of business in Plano, Texas. Dean Decl. at ¶¶ 5, 15. Rockstar is MobileStar's parent. *Id.* at ¶ 15.

Rockstar and MobileStar's Texas roots are long-standing and substantial. Rockstar and MobileStar acquired the patents-in-suit from Nortel Networks, a company that went bankrupt in 2011. Nortel's U.S. headquarters was in Richardson, Texas. *Id.* at ¶ 27. As explained in more detail

-- 5 --

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

in the attendant declaration, Nortel had a substantial presence in Texas prior to its bankruptcy, and many of Rockstar's and MobileStar's current employees are former Nortel employees. *Id.*

Neither Rockstar nor MobileStar is licensed to do business in California. *Id.* at ¶¶ 6-9, 16, 22-24, 29-33. They have no agent for service of process in California, have never signed any contracts in California, have never owned real or personal property in California, have never maintained offices in California, and have never maintained any records in California. *Id.* They pay no California taxes and do not have any employees, officers, or board members who live in California. *Id.* They have not filed any lawsuits in California, have not engaged in extra-judicial enforcement activities in California, ███████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

Rockstar's California contacts are limited to the following:

- ██████████████████████████████████
- ████████████████████████████████████████████
███████████████████████████████

- A single part-time independent contractor who lives in California. *Id.* at ¶ 34. ████
████████████████████████████████████

- The presence of at least one shareholder (Apple Inc.) in California. *Id.* at ¶ 35. However, Rockstar's shareholders do not direct or control Rockstar's licensing efforts—these activities are directed and controlled by Rockstar's management team. *Id.*

- ████████████████████████████████████████████
███████████████████████

## III.   This Court Lacks Personal Jurisdiction Over MobileStar

Fed. R. Civ. P. 12(b)(2) requires that a court dismiss a defendant when it lacks personal jurisdiction over that defendant. Jurisdiction, whether general or specific, is a question of Federal

-- 6 --

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

1   Circuit law. *Autogenomics*, 566 F.3d at 1016 (the "jurisdiction issue is intimately involved with the

2   substance of the patent laws.")

3          Determining whether jurisdiction exists over a foreign defendant involves two inquiries:

4   whether a forum state's long-arm statute permits service of process and whether assertion of

5   personal jurisdiction violates due process. *Id.* at 1017. Here, because California's long-arm statue is

6   co-extensive with the limits of due process, the only inquiry is whether the exercise of personal

7   jurisdiction comports with due process. *Cal. Civ. Proc. Code § 410.10.* Due process requires that the

8   defendant have "certain minimum contacts with the [forum] such that the maintenance of the suit

9   does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*,

10  326 U.S. 310, 316 (1945).

11

12         There are two bases for personal jurisdiction, general and specific. General jurisdiction

13  requires that the defendant have "continuous and systematic contacts with the forum state and

14  confers personal jurisdiction even when the cause of action has no relationship with those contacts."

15  *Autogenomics,* 566 F.3d at 1017. Specific jurisdiction may be exercised subject to a three-part test

16  where (1) the defendant "purposefully directed" activities at residents of the forum, (2) the claim

17  "arises out of" or "relates to" those activities, provided that (3) personal jurisdiction is both

18  reasonable and fair. *Id.* at 1018.

19

20         **A.      This Court Has Neither General Nor Specific Personal Jurisdiction Over**
                **Mobilestar**

21

22         As for general jurisdiction, there is no good-faith basis for alleging that MobileStar is

23  equivalent to a "domestic enterprise" in California. *Daimler*, slip op. 14 n.11. MobileStar is a Texas

24  enterprise with has no meaningful connection to California. *See* Statement of Facts, *supra*. There is

25  no general jurisdiction over MobileStar in California. *Helicopteros Nacionales De Colombia, S.A. v.*

26  *Hall*, 466 U.S. 408, 411 (1984).

27

28  █████████████████████████████████████████████████████████████

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

1  ████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████

3  ████ fails to establish the type of "minimum contacts" required for specific jurisdiction over

4  MobileStar in California. *Int'l Shoe,* 326 U.S. at 316; *Red Wing Shoe*, 148 F.3d at 1360-61 ("A

5  patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who

6  happens to be located there of suspected infringement."). ████████████████████████

7  ████████████████████████████████████████████████████████

8  

9  ████████████████████ Dean Decl. at ¶ 13. This type of discussion is *per se* inadequate under *Red*

10  *Wing Shoe* to establish the "minimum contacts" necessary to find specific jurisdiction. Moreover, a

11  single act of travel to the forum state cannot create specific jurisdiction in that state. *Radio Sys.*

12  *Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) (multiple licensing meetings in forum

13  state insufficient to establish specific jurisdiction); *Autogenomics,* 566 F.3d at 1021 (travel to forum

14  state to negotiate patent license insufficient to establish specific jurisdiction).

15  Nor may Google impute Rockstar's alleged California contacts to MobileStar in order to

16  establish specific jurisdiction. *Avocent*, 552 F.3d at 1338 (rejecting complaint as "fatally deficient"

17  and refusing jurisdiction where plaintiff failed to include any allegations for imputing defendants'

18  contacts to related corporate entities). MobileStar and Rockstar are separate corporate entities and

19  there is no basis for attributing one entity's contacts to the other. *Id.* at 1329 ("[e]ach defendant's

20  contacts with the forum State must be assessed individually").

21  **B.      Lacking Jurisdiction Over MobileStar, Google's Complaint Must Be Dismissed**

22  A necessary party is one "having an interest in the controversy, and who ought to be made [a]

23  party, in order that the court may act on that rule which requires it to decide and finally determine

24  the entire controversy, and do complete justice, by adjusting all the rights involved in it." *IBC*

25  *Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D.

26  Cal. 2000) (citing *CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991)).

-- 8 --

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

"In general, . . . an accused infringer must likewise join both the exclusive licensee and the patentee in a declaratory action" because both are likely to be necessary parties. *See, e.g., A123 Sys. v. Hydro-Quebec*, 626 F.3d 1213, 1217, (Fed. Cir. 2010).  MobileStar owns five of the seven patents-in-suit, and is the exclusive licensee of the other two patents. Dean Decl. at ¶¶ 5, 15, 24. MobileStar undoubtedly has an interest in the controversy and ought to be made a party—MobileStar is therefore a necessary party to Google's complaint.

Lacking jurisdiction over MobileStar, a necessary party, the Court must thus determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b); *see also Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1269 (Fed. Cir. 1998) (applying Rule 19 to a declaratory judgment action and holding "[w]hether a party is indispensable under Rule 19(b) is a matter of regional circuit law"). If a party is indispensable but cannot be joined, the action must be dismissed. *See E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 779-80 (9th Cir. 2005).

Rule 19(b) establishes the factors courts can examine to determine whether a case should be dismissed for the inability to join a necessary party:

> (1) prejudice to any party or to any absent party; (2) whether the relief can be shaped to lessen the prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether there exists an alternate forum.

*Kescoli v. Babbitt*, 101 F.3d 1304, 1310-11 (9th Cir. 1996). Without a doubt, (1) MobileStar would be prejudiced if the patents it owns (or is the exclusive licensee of) are declared invalid or non-infringed without its presence; (2) no relief can be shaped to lessen this prejudice; (3) no adequate remedy for Google could be awarded as to any of the seven patents-at-issue without the owner and exclusive licensee as a party; and (4) an alternate forum exists in the already-filed Texas Actions.

McKool 960087v1

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

**IV.    This Court Lacks Personal Jurisdiction Over Rockstar**

  **A.    Rockstar's Limited Patent Discussions Do Not Subject It To Specific Jurisdiction In California**

Google alleges that Rockstar should be subject to specific jurisdiction in California because it engages in certain business activities in California, including discussions regarding its patents. Compl. 3-4. But Rockstar has minimal California contacts related to discussions of its patents. *See* Statement of Facts, *supra*. █████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████

These limited patent discussions do not give rise to specific jurisdiction in California. *Red Wing Shoe.,* 148 F.3d at 1361 ("Standards of fairness demand that [the patentee] be insulated from personal jurisdiction when its only contacts with that forum were efforts to give proper notice of its patent rights."). The Federal Circuit has made clear that, for purposes of specific jurisdiction, "enforcement activities" do not include warning others located in the forum state of suspected infringement, offering licenses to the patent, or sending cease-and-desist letters. *Radio Sys.,* 638 F.3d at 789 (patentee's numerous letters, phone calls, and meetings with plaintiff in forum state relating to licensing insufficient for specific jurisdiction); *Avocent,* 552 F.3d at 1340 (infringement letters sent to forum state insufficient for specific jurisdiction); *Autogenomics,* 566 F.3d at 1021 (traveling to forum state to negotiate a patent license and having ten licensees in the forum insufficient for specific jurisdiction); *Smugmug, Inc. v. Virtual Photo Store LLC,* Case No. 09-cv-2255 CW, 2009

---

████████████████████████████████████████████████████████ *See Red Wing Shoe,* 148 F.3d at 1361 (holding no specific jurisdiction even if patentee had 34 licensees doing business in the forum state because seeking licenses does not confer jurisdiction and licensees' contacts with forum may not be attributed to patentee).

McKool 960087v1

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

U.S. Dist. LEXIS 112400, *11 (N.D. Cal. Nov. 16, 2009) (J. Wilken) (letters sent by patentee to California companies seeking to discuss potential licensing terms "are not the type of enforcement activity envisioned in *Autogenomics,* but rather Defendant's efforts at commercialization; they cannot be used to support specific jurisdiction").

### B.   Rockstar's Minimal Contacts With California Are Permissible Patent Licensing Discussions That Do Not Subject Rockstar To Specific Jurisdiction

Google's allegations regarding Rockstar's "enforcement activities" pertain only to permissible licensing activity (*i.e.,* notifying others of Rockstar's patent rights) and nothing more. Compl. 3-4. Without evidence of impermissible "other activities" beyond licensing or generic discussions related to the enforcement (or defense of the validity) of the patents-in-suit, the Federal Circuit has refused to find specific jurisdiction over a declaratory judgment defendant. *Avocent,* 552 F.3d at 1334. Examples of "other activities" that would subject a party to specific jurisdiction include initiating judicial or extrajudicial patent enforcement within the forum, or entering into an exclusive license agreement in the forum, or entering into any other undertaking which imposes obligations with a party residing in or regularly doing business in the forum. *Id.*

None of these "other activities" are present here. Rockstar has not filed any lawsuits in California asserting the patents-in-suit. Dean Decl. at ¶ 22. The fact that Rockstar previously enforced the patents-in-suit by filing suit in the Eastern District of Texas has no relevance here. *Avocent,* 552 F.3d at 1339 ("We are aware of no precedent that holds that the filing of a suit in a particular state subjects that party to specific personal jurisdiction everywhere else"); *Juniper Networks, Inc. v. SSL Servs., LLC,* Case No. 08-cv-5758, 2009 U.S. Dist. LEXIS 112399, *11-12 (N.D. Cal. Nov. 16, 2009), *aff'd* 2010 U.S. App. LEXIS 25498 (Fed. Cir. Dec. 13, 2010) (suing a California entity in Texas is insufficient to confer specific jurisdiction in California).

Rockstar does not engage in the types of extra-judicial enforcement activity contemplated by the Federal Circuit as giving rise to specific jurisdiction, nor does Google make any such allegation.

Rockstar has not engaged any third-parties in attempting to remove allegedly infringing products from a trade show in the forum state, as was the case in *Campbell Pet Co. v. Miale,* 542 F.3d 879, 888 (Fed. Cir. 2008); Dean Decl. at ¶ 23. Contrary to Google's assertions, ██████████ ████████████████████ and in filing the Texas Actions against several third-parties was not to "discourage" unnamed companies "from continuing to use Google's Android platform in their devices, and to interfere with Google's business relationships." Compl. 4. But, even if this was Rockstar's intent, it would be irrelevant to specific jurisdiction. *See Avocent,* 552 F.3d at 1340 (rejecting plaintiff's argument that patentees' infringement letters sent to a third-party retailer provided specific jurisdiction because "the intended effect was to slow the sale of plaintiff's allegedly infringing products").

████████████████████████████ Dean Decl. at ¶ 24. This is another example of the "other activities" beyond licensing that would support specific jurisdiction. *See Avocent,* 552 F.3d at 1334-34 (collecting cases finding specific jurisdiction based on presence in the forum of an exclusive licensee or exclusive distributor). ████████ ████████████████████ ████████ ████████ ████████████ ████████████ ████████████ *See Smugmug,* 2009 U.S. Dist. LEXIS 112400 (J. Wilken) ("non-exclusive licenses, without any showing of enforcement efforts are insufficient to justify specific jurisdiction. And revenue from licensing is irrelevant unless the contact with the licensees is itself 'constitutionally cognizable'") (citing *Red Wing Shoe,* 148 F.3d at 1361-62).

-- 12 --

McKool 960087v1

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

### C.  Rockstar's Sporadic And Insubstantial Contacts With California Do Not Give Rise To General Jurisdiction

Google's bare allegations regarding Rockstar's alleged "continuous and systematic" contacts with California can be summarized as follows: (1) Rockstar is alleged to engage in general licensing activities with other companies, some of which may be located in California, and allegedly has personnel in California to conduct such licensing activities, Compl. 3; and (2) one of Rockstar's shareholders is headquartered in California, Compl. 3. Such insubstantial allegations, even if true, do not confer general jurisdiction.

The Supreme Court has recognized that "general jurisdiction has come to occupy a less dominant place in the contemporary scheme." *Daimler,* slip op at 14.  Thus, general jurisdiction applies only where a defendant's contacts with a forum are "so continuous and systematic as to render the [foreign corporation] essentially at home in the forum state, *i.e.,* comparable to a domestic enterprise in that State. *Id.* at 14 n. 11. For general jurisdiction, a defendant's contacts must "approximate[] a physical presence within the state." *See, e.g., Autogenomics,* 566 F.3d at 1018. The standard for general jurisdiction is high because it confers personal jurisdiction for *any cause of action,* even one that has no relationship with the defendant's contacts to the forum.

### 1.  Rockstar's is a Texas entity and does not have contacts with California that "approximate a physical presence"

"With respect to a corporation, the place of incorporation and the principal place of business are paradigm bases for general jurisdiction." *Daimler,* slip op. at 19. Rockstar has no contacts with California approximating physical presence, and Google cannot allege that such contacts exist. As set forth in the Statement of Facts *supra* and the attached declaration, Rockstar is and always has been a Delaware limited partnership and with its principal place of business in Plano, Texas. Like the foreign defendant in *Helicopteros* found not to be subject to general jurisdiction, Rockstar is not authorized to do business in California; has no agent for service of process in California; has never signed any contract in California; has never owned property in California; has never maintained an

-- 13 --

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

office in California; and has never maintained records in California. *See Helicopteros,* 466 U.S. at 411; Dean Decl. at ¶¶ 16, 29-33.

Moreover, Rockstar has no contacts that make it essentially "at home" in California and has no contacts that would make Rockstar comparable to a domestic California enterprise. None of Rockstar's employees live in California; Rockstar pays no California taxes; Rockstar has not held any board meetings in California; Rockstar has not signed any license agreements in California; and Rockstar has not sold any patents to any California entities. Dean Decl. at ¶¶ 29-33. Rockstar and MobileStar acquired the patents-in-suit from Nortel Networks, a company that went bankrupt in 2011. Nortel's U.S. headquarters was in Richardson, Texas. *Id*. at ¶ 27. Nortel had a substantial presence in Texas prior to its bankruptcy, and many of Rockstar's and MobileStar's current employees are former Nortel employees. *Id*.

### 2. Rockstar's lone, part-time, independent contractor in California does not subject Rockstar to general jurisdiction

Google's allegation that Rockstar has employees in California responsible for licensing activities related to the patents-in-suit is incorrect. Compl. 3. As explained in the Statement of Facts, *supra* and the attached declaration, Rockstar employed a single part-time independent contractor who lives in California. Dean Decl. at ¶ 34. ████████████████████████████████████████████████████████████████████████████████████████████████████████ This single contact is too isolated and insubstantial to justify exercising general jurisdiction over Rockstar. *See Daimler,* slip op. at 4, 21 (rejecting general jurisdiction over a foreign defendant based on the California presence of the defendant's independent contractor who had no authority to make binding obligations on behalf of the defendant).

3.     **Revenue generated from non-exclusive licensees located in California is insufficient to justify general jurisdiction**

Google alleges that Rockstar's licensing efforts have generated substantial revenue in California. Compl. 3. Even if true, mere licensing revenue generated in the forum is irrelevant to a general jurisdiction analysis. In *Helicopteros,* the Supreme Court rejected general jurisdiction over a foreign defendant, even though the foreign defendant purchased $4 million of helicopters and repair parts in the forum state, constituting 80% of its helicopter fleet (its primary business). *Helicopteros* held that "mere purchases, even if occurring at regular intervals, are not enough to warrant" general jurisdiction. 466 U.S. at 418. The Supreme Court has extended the holding of *Helicopteros* to include mere sales or revenue in the forum state. *Goodyear Dunlop Tire Ops., S.A. v. Brown,* 564 U.S. __, slip op. at 12 (2011). Rockstar's mere revenue from California is not enough to justify general jurisdiction. *Id.* And contrary to Google's allegation, Rockstar and MobileStar have generated no licensing revenue in California, as here, all of Rockstar's licensees are non-exclusive, and Rockstar has no control over any such licensee. Dean Decl. at ¶¶ 25-26.

4.     **The contacts of Rockstar's shareholders may not be imputed to Rockstar**

Google incorrectly asserts that Rockstar's shareholders, including Apple, are somehow relevant to its claim of declaratory judgment jurisdiction. Compl. 3-4. While it is true that Rockstar has limited partners (including Apple), and these limited partners do not direct or control Rockstar's licensing efforts in California, or anywhere else. Dean Decl. at ¶ 35.  Only Rockstar's Texas-based management directs Rockstar's licensing efforts. *Id.*  Rockstar also takes measures to ensure that information about prospective licensees and negotiations does not flow to the limited partners. *Id.*

Moreover, none of Apple's California contacts may be imputed to Rockstar. The Federal Circuit has cautioned that "the corporate form is not to be lightly cast aside" when rejecting arguments by plaintiffs seeking to establish jurisdiction by piercing the corporate veil or via an alter ego theory.  *3D Sys. Inc. v. Aarotech Labs., Inc.,* 160 F.3d 1373, 1380-81 (Fed. Cir. 1998) (declining

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

to assert jurisdiction over subsidiary defendants and rejecting plaintiff's arguments to impute parent defendant's contacts with forum by piercing corporate veil or under alter ego theory).  Here, too, Rockstar and Apple are distinct corporate entities and there is no justification for imputing one's contacts to the other.

**V.      This District Is Not The Proper Venue For This Suit**

The Court should dismiss Google's complaint because venue is not proper in this District under 28 U.S.C. §§ 1391(b) and (c). As set forth in the Statement of Facts, *supra,* neither Rockstar nor MobileStar are residents of California. Proper venue cannot exist under § 1391(b)(1).[4]

The events "giving rise to the claim"—Google's claim that Rockstar and MobileStar improperly threatened Google or its customers with a lawsuit involving the seven patents—did not occur in California. Rather, the events, e.g., filing suit against Google's customers, occurred in Texas). And, as discussed previously, the types of general patent discussion and licensing activities with various unidentified parties as alleged by Google do not give rise to the claim at issue. Proper venue cannot exist under § 1391(b)(2).

Venue in this District is also not proper under § 1391(b)(3). Section 1391(b)(3) does not apply here because the Eastern District of Texas is a suitable forum, as Rockstar and MobileStar both reside there. And as demonstrated above, Rockstar and MobileStar are not subject to personal jurisdiction in this forum.

---

[4] The general venue statute provides that: (b) Venue in General.— A civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

**VI.    The Court Should Decline to Exercise Jurisdiction Over Google's Claims**

Even if the Court finds that it has personal jurisdiction over Rockstar or MobileStar, the Court should not entertain Google's declaratory action. Google's complaint is inconsistent with the purpose of the Declaratory Judgment Act and it is effectively duplicative of the first-filed Texas Actions. By declining to exercise jurisdiction over Google's complaint, the Court would promote judicial efficiency and eliminate the risk of inconsistent judgments. The purpose of the Declaratory Judgment Act is not—as is the case here—to promote forum shopping by the complainant.

**A.    The Court Has Discretion To Decline Jurisdiction Over Declaratory Claims**

"[The] authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 718-719 (U.S. 1996). This holds particularly true for declaratory judgment actions, characterized "as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton,* 515 U.S. at 286-287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952). Accordingly, a "district court is not required to exercise declaratory judgment jurisdiction, but has 'unique and substantial discretion' to decline that jurisdiction." *Elecs. for Imaging*, 394 F.3d at 1345-1346 (citing *Wilton*, 515 U.S. at 286). In exercising that "unique and substantial discretion," a court "must act 'in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration' when declining jurisdiction in declaratory suits." *Id.* (quoting *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (Fed. Cir. 1996), *overruled on other grounds, Sony Elecs., Inc. v. Guardian Media Techs., Ltd.,* 497 F.3d 1271 (Fed. Cir. 2007)).

In patent cases, the purpose of the Declaratory Judgment Act is as follows:

[A] patent owner …attempts extra-judicial patent enforcement with scare-the-customer-and-run tactics that infect the competitive environment of the business community with uncertainty and insecurity. …Before the Act, competitors victimized by that tactic were rendered helpless and immobile so long as the patent owner refused to grasp the nettle and sue. After the Act, those competitors were no longer restricted to an in terrorem choice between the incurrence of a growing potential liability for patent infringement and

-- 17 --

1

abandonment of their enterprises; they could clear the air by suing for a judgment that would settle the conflict of interests.

2

*Elecs. for Imaging*, 394 F.3d at 1346 (quoting *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846

3

F.2d 731, 735 (Fed. Cir. 1988)). "Permitting multiple lawsuits to adjudicate the same issues would

4

serve no purpose of judicial administration and would risk inconsistent rulings on the patents'

5

validity, enforceability, and ownership*." Kyocera Communs., Inc. v. ESS Techs. Int'l, Inc.*, 2012 U.S.

6

7

Dist. LEXIS 89267, *7-8 (N.D. Cal. June 27, 2012).

8

**B.      The Court Should Decline Jurisdiction Because Google's Claims Do Not Meet The Purpose Of The Declaratory Judgment Act**

9

10

None of the purposes of the Declaratory Judgment Act are met by Google's claims. As noted

11

above, in the context of a patent dispute, the purpose of the Declaratory Judgment Act is to provide a

12

party the ability to settle a controversy where "the patent owner refused to grasp the nettle and sue."

13

*Elecs. for Imaging,* 394 F.3d at 1346 (Fed. Cir. 2005). That is not the case here—nearly two months

14

before Google brought its declaratory judgment action, Rockstar and MobileStar brought the Texas

15

Actions on the <u>identical</u> patents Google asserts here. As this shows, Rockstar and MobileStar *did*

16

"grasp the nettle and sue." *Id*. Indeed, shortly after Google filed its complaint here, Google was

17

18

added as a defendant in the first-filed Texas Actions.

19

**1.      The Court should decline jurisdiction because Google's complaint is an attempt at forum shopping**

20

An attempt to forum shop runs counter to the purposes of the Declaratory Judgment Act.

21

*Catalyst Assets LLC v. Life Techs. Corp.*, 2012 U.S. Dist. LEXIS 84347, 7-8 (N.D. Cal. June 17,

22

23

2012) (noting that a court should decline to hear declaratory judgments actions where a litigant files

24

a declaratory action as a means of forum shopping). In light of the fact that the Texas Actions were

25

filed nearly two months before Google filed its action in this District, Google's declaratory judgment

26

action can only be viewed as an attempt at forum shopping. Instead of intervening in the Texas

27

Actions, Google invited Rockstar and MobileStar to a meeting in California, then *six days later* filed

28

-- 18 --

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

1    this case. Rather than file its declaratory judgment action, Google could have moved to intervene in

2    Texas (or simply filed counterclaims). This would have made sure that Google had the opportunity

3    to be heard on the very same issues raised in its complaint.[5]

4              **2.      Google's claims are an inefficient use of judicial resources**

5              In deciding whether to decline to assert jurisdiction over a declaratory judgment action,

6    "[t]he court must make a reasoned judgment whether the investment of time and resources will be

7    worthwhile." *Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995). Entertaining

8    Google's action would be a waste of judicial resources given the existence of the parallel, earlier-

9    filed Texas Actions and the overlap in patents between those actions and this one. When determining

10   if to exercise jurisdiction over a declaratory judgment action, "[a] district court . . . should avoid

11   duplicative litigation." *Catalyst Assets LLC v. Life Techs. Corp.*, 2012 U.S. Dist. LEXIS 84347, *7-8

12   (N.D. Cal. June 17, 2012) (citing *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th

13   Cir. 2002) (dismissing declaratory judgment action where it would "would result in duplicative

14   litigation and a waste of judicial resources."); *see also Teva Pharms. USA, Inc. v. Eisai Co.*, 620

15   F.3d 1341, 1349 (Fed. Cir. 2010) (recognizing that the Federal Circuit has "upheld discretionary

16   decisions declining jurisdiction when the declaratory judgment action was duplicative of other

17   proceedings . . . ."). This principle is consistent with the purpose of the Declaratory Judgment Act:

18   giving a party a forum to sue only when a patent holder has refused to sue the party despite creating

19   a palpable threat of suit. *See Arrowhead Indus. Water, Inc.,* 846 F.2d at 735.

20             Entertaining duplicative suits here "would serve no purpose of judicial administration and

21   would risk inconsistent rulings on the patents' validity, enforceability, and ownership." *Kyocera*

---

[5] The only other possible reason Google would have to file its declaratory judgment would be to attempt to adjust its bargaining position as to the patents-in-suit ████████████████. *See* Statement of Facts, *supra*. But using a declaratory judgment action as a bargaining tool runs contrary to the purpose of the Declaratory Judgment Act. *See Teva Pharmaceuticals USA, Inc. ex rel. Gate Pharmaceuticals Div. v. EISAI Co., Ltd.*, 426 F. App'x 904 (Fed. Cir. 2011) (recognizing that the Federal Circuit has "upheld discretionary decisions declining jurisdiction when. . . . the party instituted an [declaratory judgment action solely to enhance its bargaining power in negotiations . . . .").

-- 19 --

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

*Communs., Inc. v. ESS Techs. Int'l, Inc.,* 2012 U.S. Dist. LEXIS 89267, 7-8 (N.D. Cal. June 27, 2012) (declining to exercise jurisdiction over declaratory judgment claims duplicative of an earlier-filed action). Because Google is now a party to one of the Texas Actions, Google can have its infringement and validity concerns raised as a counterclaim there. *See Proofpoint, Inc. v. InNova Patent Licensing, LLC,* 2011 U.S. Dist. LEXIS 120343, *22-23 (N.D. Cal. Oct. 17, 2011) (encouraging the declaratory judgment plaintiff "to move to intervene in the Texas Action or bring a separate action for declaratory judgment in the Eastern District of Texas and seek to relate that claim to the Texas Action").

## C.     The Court Should Decline to Assert Jurisdiction Under the First-Filed Rule

The first-filed rule, which favors an earlier filed action, also dictates that the Court should decline jurisdiction over Google's Action. "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012).

In patent cases, the "general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) *abrogated on other grounds* by *Wilton,* 515 U.S. 277. "The general rule that the first-filed case is favored over the second-filed action may be even stronger where the second-filed action is [for] a declaratory judgment." *Id.* The purpose of the first-to-file rule is "avoid conflicting decisions and promote judicial efficiency." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012).

### 1.     The Texas Actions are first-filed and should be favored

The Texas Actions are the first-filed actions under the first-to-file rule. The first-filed rule "permits a district court to decline jurisdiction when a complaint involving *substantially similar parties and issues* has already been filed in another district court." *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704 (Fed. Cir. 2013) (affirming district court's dismissal of later-filed

-- 20 --

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

declaratory judgment action) (emphasis added); *see also Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.1982) (recognizing the same principle). In other words, for an action to be considered "first-filed," the parties and issues need only be substantially the same—not be identical. *E.g., Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.Supp.2d 949, 959 (N.D. Cal.2008) (stating that "exact identity [of parties] is not required to satisfy the first-to-file rule"); *Microchip Tech., Inc. v. United Module Corp.*, CV-10-04241-LHK, 2011 U.S. Dist. LEXIS 73276, 2011 WL 2669627 (N.D. Cal. July 7, 2011) (noting that application of the rule requires consideration of (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues).

This principle is illustrated by *Proofpoint, Inc. v. InNova Patent Licensing*, LLC, 2011 U.S. Dist. LEXIS 120343, (N.D. Cal. Oct. 17, 2011). In *Proofpoint,* the court determined that an earlier-filed infringement action in the Eastern District of Texas was the "first filed" for purposes of applying the first to file rule, despite the fact that the party asserting the later declaratory judgment action in the Northern District of California was not a party to the first-filed action. In doing so, the court focused on the fact that the same patent was asserted in the earlier-filed and later-filed suits. *Id.* at * 19. The court also noted that many of the defendants to the first-filed patent infringement suit "have asserted claims of non-infringement and invalidity similar to those advanced by Proofpoint." *Id.* The court concluded that "this Court's assertion of jurisdiction would risk a conflicting determination of the scope of the [patent]," and "[g]iven the substantial similarity of the issues and the considerable energy already invested by the District Court for the Eastern District of Texas, it would not be in the interest of justice or judicial economy for this Court to entertain Proofpoint's claim."

The reasoning set forth in *Proofpoint* applies here. Although Google was not a party to the Texas Actions when it filed its declaratory judgment action in this District, the issues between the two actions are substantially similar such that the Texas actions are "first-filed" for purposes of the

-- 21 --

first-to-file rule. The patents asserted in the two actions are identical, and it is almost a certainty that

each defendant in the Texas Actions will file non-infringement and invalidity declaratory judgment

counterclaims substantially similar to those brought in Google's Action.

### 2.    Judicial efficiency and interests of justice favor the Texas Actions

When considering factors of judicial efficiency and interests of justice, it is clear that the

first-to-file rule mandates that Google's action should be dismissed, or in the alternative, transferred

to the Eastern District of Texas. These factors, similar to those applied to a motion to transfer under

Section 1404, include "the convenience and availability of witnesses, absence of jurisdiction over all

necessary or desirable parties, possibility of consolidation with related litigation, or considerations

relating to the interest of justice." *Proofpoint,* LLC, 2011 U.S. Dist. LEXIS 120343 at *19 (citing

*Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904-05 (Fed. Cir. 2008)).[6] Each of these

factors weighs in favor of the Texas Actions, or at best is neutral. If the Court applies the first-to-file

rule it should dismiss or transfer Google's Action to the Eastern District of Texas.[7]

### a.    Convenience of the Witnesses is Neutral

Both Rockstar and MobileStar are located in Texas. *See* Statement of Facts, *supra.* The

majority of the inventors of the patents-in-suit are listed on the patents as being from Canada, or

otherwise residing in places other than California. *See* Google Compl., D.I. 1, Exs. A-G. Thus, even

taking into account that some of Google's witnesses may be located in this District, Google cannot

---

[6] Although the Federal Circuit in *Micron Tech.* said a court "must" apply these factors, its holding was limited to the situation in which the court presiding over a first-filed declaratory judgment action is performing a first-to-file analysis. *Micron Tech.,* 518 F.3d at 904; *EMC Corp. v. Parallel Iron, LLC,* 914 F. Supp. 2d 125, 129 (D. Mass. 2012) (explaining that *Micron* makes application of the factors mandatory only to a first-filed action analyzed by the court presiding over the first-filed action). Thus, the Court here may, but is not required, to take these factors into account, as it is not presiding over the first-filed action. *See Proofpoint,* 2011 U.S. Dist. LEXIS 120343 at *18-19; *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 96-97 (9th Cir. Cal. 1982).

[7] As noted above, a later filed declaratory judgment action, "generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Merial Ltd. v. Cipla Ltd.,* 681 F.3d 1283, 1299 (Fed. Cir. 2012). Accordingly, the Court can transfer the Google Action to the Eastern District of Texas pursuant to this motion under the first-to-file rule.

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

show that the balance tips in favor of this District with regard to convenience of the witnesses. This factor is neutral with regard to judicial efficiency and the interests of justice.

### b.   This Court Lacks Jurisdiction Over at Least Some Necessary Parties

As Google admits, it brought its declaratory judgment action because of a perceived threat to its relationships with its customers who are defendants in the Texas Actions. It follows, then, that its customers necessarily would be indispensable parties to this litigation, as their rights vis-à-vis Google's infringement of the patents-in-suit and the validity of the patents in suit are at play. But a number of the Defendants in the Texas Actions are not subject to jurisdiction in this District, as they lack any substantial presence with California. Indeed, a number of these Defendants including Samsung and others are foreign-based entities with offices in Texas. *See* Ex. A-G. This reality also underscores that the convenience of witnesses is neutral at best, as most of the Google customer witnesses are either overseas or in Texas. The interest of judicial efficiency, then, dictates that Google's Action is properly heard in the Eastern District of Texas, as both Google and its customers are subject to jurisdiction there.

### c.   The Google Action Can Be Consolidated with the Texas Actions

As stated, the defendants in the Texas Actions almost certainly will file answers containing counterclaims mirroring Google's Action seeking declarations of invalidity. These actions, then, can at the very least be consolidated with one or more of the current Texas Actions for the purposes of invalidity and for purposes of the pre-trial scheduling order. Such consolidation will promote an efficient use of judicial resources and uniformity among suits dealing with substantially the same issues. Accordingly, this factor favors dismissing or transferring Google's Action.

### d.   Considerations for the interests of justice are in favor of the Texas Actions

As explained earlier, the interests of justice would be harmed if the Google Action was entertained further in this district. Specifically, the risk of inconsistent claim constructions and

-- 23 --

rulings on invalidity run counter to the interests of fair and efficient justice. Accordingly, this factor weighs in favor of the Texas Actions.

**VII.  Conclusion**

Google cannot show that this Court has personal jurisdiction over either Rockstar or MobileStar. Moreover, even if such a showing could be made, the Court should decline to assert jurisdiction over Google's declaratory judgment claims because they fail to meet any of the purposes of the Declaratory Judgment Act. For these reasons, the Court should dismiss Google's complain, or in the alternative transfer Google's claims to the Eastern District of Texas.

Dated January 23, 2014.                    Respectfully submitted,


                                By:*/s/ Courtland Reichman*
                                    Courtland L. Reichman (SBN 268873)
                                    McKool Smith Hennigan, P.C.
                                    255 Shoreline Drive Suite 510
                                    Redwood Shores, CA 94065
                                    (650) 394-1400
                                    (650) 394-1422 (facsimile)

                                    Mike McKool (Pro Hac Vice Application to be filed)
                                    mmckool@mckoolsmith.com
                                    Douglas A. Cawley (Pro Hac Vice Application to be filed)
                                    dcawley@mckoolsmith.com
                                    Ted Stevenson III (Pro Hac Vice Application to be filed)
                                    tstevenson@mckoolsmith.com
                                    David Sochia (Pro Hac Vice Application filed)
                                    dsochia@mckoolsmith.com
                                    McKool Smith, P.C.
                                    300 Crescent Court Suite 1500
                                    Dallas, TX 75201
                                    (214) 978-4000
                                    (214) 978-4044 (facsimile)

                                    Attorneys For Defendants

-- 24 --

McKool 960087v1

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

Rockstar Consortium U.S. LP and
MobileStar Technologies LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-- 25 --

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKool 960087v1