IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., | No. C 13-5933 CW |
| Plaintiff, | ORDER ON MOTIONS TO SEAL |
| v. | (Docket Nos. 19, 30, 39) |
| ROCKSTAR CONSORTIUM U.S. LP, MOBILESTAR TECHNOLOGIES, LLC, | |
| Defendants. | |

Before the Court are various motions to seal filed by Plaintiff Google, Inc. and Defendants Rockstar Consortium U.S. LP and MobileStar Technologies, LLC that are related to Defendants' motion to dismiss. The Court GRANTS the motions to seal, but only in part.

Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by a declaration establishing that the sealing is warranted. Id. subsection (b).

There is a "strong presumption of access to judicial records," especially in the case of dispositive pleadings, including motions to dismiss. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). This is because dispositive motions are "at the heart of the interest in ensuring

the public's understanding of the judicial process and of significant public events." Id.  Parties seeking to seal documents attached to dispositive motions must demonstrate "compelling reasons" outweighing the strong presumption in favor of public disclosure.  Id. at 1180; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003).

Defendants seek to redact certain portions of the Motion to Dismiss and accompanying Dean Declaration.  Pursuant to Civil Local Rule 79-5(e), Google filed a motion to seal portions of its Opposition corresponding to information Defendants sought to redact.  Defendants filed a supporting declaration substantially similar to the declaration filed in support of their own motion.  Defendants also move to seal portions of their Reply containing the same information.

Some of these portions discuss the locations of Defendants' licensing meetings with Google and various other companies; broad descriptions of the substance of some of Defendants' meetings; the fact that Defendants inform parties of their infringement of Defendants' patents, negotiate patent licenses, and receive licensing revenue; and Defendants' operations and employee/contractor relations.  Defendants' declaration provides two reasons that all of this information is sealable: (1) Rockstar is bound by non-disclosure agreements with various non-parties to keep this information confidential and (2) details of Rockstar's licensing negotiations, including the names of the entities negotiating with Rockstar, constitute "sensitive, confidential and proprietary business information" that will harm Rockstar and these non-party entities.  In general, these are "broad

2

allegations of harm, unsubstantiated by specific examples or articulated reasoning" that are not sufficient to establish even good cause. Foltz, 331 F.3d at 1130. Defendants have failed to establish that most of this information is sealable. Some of the information, such as the fact that Rockstar is a patent licensing operation, is not secret. The descriptions of licensing negotiations that may be covered by nondisclosure agreements are so vague that they are unlikely to violate those agreements. See Afzal Decl. ¶ 21 (stating that Rockstar has met with or sent notice letters to certain "entities outside of California to discuss licensing of the patents-in-suit").

In an abundance of caution, the Court will permit the parties to redact (1) the disclosed identities of entities that negotiated with Defendants but are not parties to this suit and (2) statements that specifically disclose the contents of settlement discussions. See, e.g., Dean Decl. ¶¶ 13, 19-20. The rest of the parties' motions is denied.

The parties must file in the public docket revised redacted versions of these documents which comport with this order within seven days.

IT IS SO ORDERED.

Dated: 5/23/2014

CLAUDIA WILKEN
United States District Judge