PAGES 1 – 28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


GOOGLE, INC.,                    )
                                 )
          PLAINTIFF,             )    NO. C-13-5933 CW
                                 )
  VS.                            )    THURSDAY, JUNE 26, 2014
                                 )
ROCKSTAR CONSORTIUM US LP,       )    OAKLAND, CALIFORNIA
ET AL.,                          )
                                 )
          DEFENDANTS.            )       MOTION TO TRANSFER
_____  )    CASE MANAGEMENT CONFERENCE



**BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE**


**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**          QUINN, EMANUEL, URQUHART & SULLIVAN
                            50 CALIFORNIA STREET
                            SAN FRANCISCO, CALIFORNIA 94111
                      BY:  MATTHEW WARREN, ESQUIRE
                            CHARLES VERHOOVEN, ESQUIRE



**FOR DEFENDANTS:**         MCKOOL SMITH
                            300 CRESCENT COURT, SUITE 1500
                            DALLAS, TEXAS 75201
                      BY:  THEODORE STEVENSON, III, ESQUIRE
                            DAVID SOCHIA, ESQUIRE



**REPORTED BY:**            DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                            OFFICIAL COURT REPORTER

        TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

```
 1   THURSDAY, JUNE 26, 2014                          2:17 P.M.

 2                   P R O C E E D I N G S

 3        THE CLERK:  CALLING C-13-5933 GOOGLE, INC. VERSUS

 4   ROCKSTAR CONSORTIUM, US LP, ET AL.

 5      PLEASE STEP FORWARD AND STATE YOUR APPEARANCES.

 6        MR. WARREN:  MATTHEW WARREN OF QUINN EMANUEL FOR

 7   PLAINTIFF GOOGLE, INC., AND WITH ME IS CHARLES VERHOOVEN ALSO

 8   OF QUINN EMANUEL.

 9        MR. STEVENSON:  TED STEVENSON FOR ROCKSTAR AND

10   MOBILESTAR DEFENDANTS.  AND ALSO WITH ME IS DAVID SOCHIA OF

11   MCKOOL SMITH.

12        THE COURT:  GOOD AFTERNOON.

13      THIS IS ON FOR DEFENDANTS' MOTION TO TRANSFER OR STAY AND

14   ALSO FOR A CASE MANAGEMENT CONFERENCE.

15      SO YOU MAY ARGUE YOUR STAY MOTION BRIEFLY IF YOU WOULD

16   LIKE.

17        MR. STEVENSON:  THANK YOU, YOUR HONOR.  I WILL BE

18   ARGUING THE TRANSFER OR STAY ISSUES AND MR. SOCHIA WILL BE

19   HANDLING THE CASE MANAGEMENT CONFERENCE, IF THAT'S ALL RIGHT

20   WITH YOU.

21        THE COURT:  OKAY.

22        MR. STEVENSON:  THE WAY I WOULD LIKE TO PRESENT TO

23   YOU THE CASE IN FAVOR OF TRANSFER OR STAY IS TO FIRST GIVE

24   YOUR HONOR SOME BACKGROUND ON WHAT IS CURRENTLY THE STATUS OF

25   THE CASE AGAINST HANDSET MANUFACTURERS IN THE EASTERN DISTRICT
```

1    OF TEXAS.  THAT WILL BE FAIRLY BRIEF, AND THEN --

2         **THE COURT:**  YOU'VE -- THEY'VE ALL BEEN CONSOLIDATED

3    AND YOU'VE GOT MOTIONS TO TRANSFER UNDER SUBMISSION.

4         **MR. STEVENSON:**  YES, YOUR HONOR.

5         **THE COURT:**  YOU'VE GOT A CASE MANAGEMENT SCHEDULE --

6         **MR. STEVENSON:**  YES.

7         **THE COURT:**  -- WHICH INCLUDES A TRIAL IN ABOUT A YEAR

8    AND HAS CLAIM CONSTRUCTION WHEN?

9         **MR. STEVENSON:**  CLAIM CONSTRUCTION IS JANUARY 2015.

10        **THE COURT:**  OKAY.

11        **MR. STEVENSON:**  WE HAVE EXCHANGED CONTENTIONS AND WE

12   ARE DOING DOCUMENT PRODUCTION NOW.

13        **THE COURT:**  OKAY.

14        **MR. STEVENSON:**  AND IN THAT CASE, GOOGLE IS A

15   DEFENDANT AS WELL AS SIX HANDSET MANUFACTURERS.

16        **THE COURT:**  RIGHT.

17        **MR. STEVENSON:**  THAT CASE INVOLVES SEVEN PATENTS.

18   ONE PATENT IS HARDWARE ONLY, THE '551, SIX PATENTS ARE A MIX

19   OF SOFTWARE AND HARDWARE ELEMENTS.  AND THOSE ARE THE PATENTS

20   THAT GOOGLE IN THIS CASE HAS MOVED FOR DECLARATORY JUDGMENT

21   ON, THE SAME SET OF SEVEN, AND THAT'S THE OVERLAP BETWEEN THE

22   TWO CASES.

23      SO LET ME NOW TALK ABOUT TRANSFER AND WHY IT'S APPROPRIATE

24   HERE.

25      WHEN WE WERE INITIALLY SERVED WITH THE COMPLAINT, WE MOVED

```
1    FOR DISMISSAL FOR LACK OF PERSONAL JURISDICTION AND ALSO FOR

2    EITHER STAY OR TRANSFERRING THE FIRST FILED.  AND THE COURT

3    DENIED THAT, FINDING THAT ROCKSTAR AND MOBILESTAR, THE

4    PLAINTIFFS HERE, WERE SUBJECT TO PERSONAL JURISDICTION.

5        AND ONE OF THE ARGUMENTS THAT GOOGLE MADE THAT THE COURT

6    CITED IN ITS ORDER WAS THAT THIS IS A CUSTOMER SUIT, AND

7    GOOGLE'S INTEREST IS PROTECTING ITS CUSTOMERS.

8        WE ARE HERE TODAY BECAUSE SINCE YOUR HONOR'S ORDER, AS THE

9    CASE HAS UNFOLDED, IT HAS BECOME CLEAR THAT THIS ISN'T REALLY

10   A CUSTOMER SUIT EXCEPTION CASE; THAT THE HANDSET MANUFACTURERS

11   AREN'T REALLY CUSTOMERS OF GOOGLE AND THAT THEY AREN'T GOING

12   TO BE ABLE AND AREN'T WILLING TO EITHER INDEMNIFY THEM OR STEP

13   INTO THE SHOES TO PROTECT THEM.

14       AND THAT'S WHAT I WANT TO TALK ABOUT.

15           THE COURT:  GOOGLE ISN'T INDEMNIFYING THE DEFENDANTS

16   IN TEXAS; HOW DO YOU KNOW?

17           MR. STEVENSON:  WE HAVE ASKED THEM THAT.

18           THE COURT:  WHAT DID THEY SAY?

19           MR. STEVENSON:  THEY HAVE BEEN UNWILLING TO EITHER

20   ADMIT LEGAL RESPONSIBILITY FOR INFRINGEMENT AND --

21           THE COURT:  THAT'S NO SURPRISE, BUT DID THEY SAY THEY

22   WERE INDEMNIFYING THEIR CUSTOMERS OR NOT?

23           MR. STEVENSON:  NO, THEY DIDN'T.

24           THE COURT:  THEY DIDN'T SAY ONE WAY OR THE OTHER.

25           MR. STEVENSON:  THEY DIDN'T SAY ONE WAY OR THE OTHER.
```

1    IN FACT, WE UNDERSTAND THAT THE GOOGLE OPEN SOURCE ANDROID

2    PLATFORM, WHICH IS WHAT GOOGLE HAS PUT OUT INTO THE PUBLIC

3    DOMAIN, AND REMEMBER THIS DECLARATORY JUDGMENT CASE IS ABOUT

4    REALLY TWO DIFFERENT PRONGS.  ONE IS THE GOOGLE NEXUS PHONES,

5    THAT'S THE HARDWARE, AND WE DON'T DISPUTE GOOGLE'S LEGAL

6    INTEREST IN ADJUDICATING THE GOOGLE NEXUS.  BUT, THEY ALSO

7    HAVE ASKED FOR DECLARATORY JUDGMENT ON WHAT THEY VAGUELY TERM

8    THE ANDROID PLATFORM.

9        WE HAVE ASKED THEM, IN THIS CASE, WHAT IS THE ANDROID

10   PLATFORM?  WHAT ARE YOU ASKING FOR ADJUDICATION OF?  AND MORE

11   IMPORTANTLY, ARE YOU TAKING ON LEGAL RESPONSIBILITY FOR THE

12   ANDROID PLATFORM AS IT'S IMPLEMENTED IN HANDSETS?

13       AND THE PROBLEM IS, NUMBER ONE, ALL THE HANDSET

14   MANUFACTURERS THAT WE ARE LITIGATING WITH HAVE TAKEN THE

15   POSITION THAT THEY MODIFY THE GOOGLE OPEN SOURCE ANDROID

16   PLATFORM AND THAT IT'S DIFFERENT.  AND, IN FACT, IN EXHIBIT 22

17   TO OUR MOVING PAPERS, WE HAVE INCLUDED A REPRESENTATIVE LETTER

18   FROM ONE OF THE DEFENDANTS, LG, WHO BASICALLY TELLS US OUR

19   INFRINGEMENT CONTENTIONS ARE DEFICIENT BECAUSE WE CAN'T POINT

20   TO ANDROID OPEN SOURCE, WE HAVE TO POINT TO THEIR --

21          **THE COURT:**  I AM LOSING THE THREAD HERE.  WHY SHOULD

22   I TRANSFER THE CASE TO TEXAS?

23          **MR. STEVENSON:**  BECAUSE THIS CASE CAN'T ADJUDICATE

24   WHAT IS GOING ON WITH INFRINGEMENT OF THE HANDSET

25   MANUFACTURERS IN TEXAS.

1    SO WHAT'S HAPPENED IS, IT'S CREATED A PARALLEL,

2    ESSENTIALLY PARALLEL LITIGATION, WHERE WE HAVE A CASE AGAINST

3    SIX HANDSET MANUFACTURERS AND GOOGLE IN TEXAS OVER ACTUAL

4    HANDSET PRODUCTS, WE HAVE A GOOGLE D.J. OVER ITS NEXUS HERE IN

5    THIS COURT AS WELL AS A REQUEST FOR WHAT SEEMS TO BE AT MOST

6    AN ADVISORY OPINION ON A PIECE OF OPEN SOURCE SOFTWARE THAT WE

7    DON'T ACCUSE OF INFRINGEMENT.  IT'S -- IT'S JUST THE SOFTWARE.

8    OUR ALLEGATION OF INFRINGEMENT IS AGAINST HANDSETS, NOT -- NOT

9    SOFTWARE.  THAT'S WHAT THE CLAIMS COVER.

10    SO, MY POINT ON TRANSFER IS, I UNDERSTAND CASES CAN RUN IN

11    PARALLEL, AND SOMETIMES THERE ARE GOOD REASONS FOR THAT, BUT,

12    OBVIOUSLY, YOUR HONOR HAS TO MAKE A DECISION ABOUT JUDICIAL

13    ECONOMY AND DOES THIS NECESSARILY MAKE SENSE.

14    IN THIS CASE, I THINK HAVING PARALLEL PROCEEDINGS RISKS,

15    NUMBER ONE, INCONSISTENT RULINGS ON MARKMAN, SUMMARY JUDGMENT

16    INFRINGEMENT, NUMBER TWO, OBVIOUSLY USES UP A LOT OF RESOURCES

17    OF THIS COURT AND, NUMBER THREE, I THINK IS NOTHING MORE THAN

18    AN ATTEMPT BY GOOGLE TO TRY TO GET A FREE SHOT AT ADJUDICATION

19    WITHOUT REALLY TAKING ON ANY OF THE RISK OF LOSING.

20    HERE'S WHAT I MEAN BY THAT.  I EXPECT THAT GOOGLE IS GOING

21    TO SAY, IF THEY WIN INFRINGEMENT, AND THEY TRY TO -- THEY ARE

22    GOING TO TRY TO SAY THAT WE HAVE NOW PROVED THAT THE HANDSETS

23    THAT ARE BEING ACCUSED OF INFRINGEMENT DON'T INFRINGE BECAUSE

24    WE'VE ESTABLISHED NONINFRINGEMENT OF THE GOOGLE PLATFORM, THE

25    ANDROID PLATFORM.

1      BUT IF GOOGLE LOSES THE CASE AND LOSES INFRINGEMENT, I

2   EXPECT WHAT'S GOING TO HAPPEN IS THEY'RE GOING TO SAY WE ARE

3   NOT LEGALLY LIABLE FOR THE HANDSET MAKERS, WE DON'T INDEMNIFY

4   THEM, IF YOU WANT TO PROVE INFRINGEMENT, ROCKSTAR, YOU HAVE TO

5   GO AND PROVE INFRINGEMENT AGAINST EACH ONE OF THE HANDSET

6   MAKERS.

7      AND, IN FACT, WHAT WE HAVE LEARNED IN THIS CASE SINCE

8   THEN, IS WE HAVE ASKED GOOGLE TO PRODUCE THE CODE FOR THE

9   HANDSETS, THE TECHNICAL SPECIFICATIONS FOR THE HANDSETS IF

10  THEY WANT THEM ADJUDICATED IN THIS CASE, AND THEY CAN'T

11  PRODUCE THAT TO US.

12      SO, CANDIDLY, I'M NOT SURE WHAT WE CAN ADJUDICATE IN THIS

13  CASE UNDER DECLARATORY JUDGMENT THAT CAN POSSIBLY AFFECT THE

14  RIGHTS OF THE HANDSET MANUFACTURERS ESPECIALLY WHEN GOOGLE IS

15  UNWILLING TO STEP UP AND SAY WE ARE LEGALLY RESPONSIBLE,

16  WHETHER THERE'S INFRINGEMENT OR NOT WE ARE LEGALLY

17  RESPONSIBLE.

18          **THE COURT:**  THAT IS BETWEEN THEM AND THEIR CUSTOMERS,

19  I SUPPOSE.  I MEAN THEY COULD WELL BE INDEMNIFYING THEM AND

20  NOT WANT TO TELL YOU.  THAT WOULDN'T BE THE FIRST TIME.

21      AND IT'S KIND OF BETWEEN THEM AND THEIR CUSTOMERS WHETHER

22  THEY ARE GOING TO IN END.  AND IT DOESN'T REALLY AFFECT YOU IF

23  YOU WIN, SOMEBODY WILL PAY YOU WHETHER IT'S THE CUSTOMERS OR

24  THEM.  PRESUMABLY IT WILL BE SOMEBODY.

25          **MR. STEVENSON:**  BUT IT AFFECTS ARTICLE III STANDING.

```
1              THE COURT:  I'M NOT SURE HOW ALL PLAYS INTO IT.

2    SORRY?

3              MR. STEVENSON:  IT AFFECTS STANDING.

4              THE COURT:  AFFECTS STANDING.

5              MR. STEVENSON:  IF GOOGLE DOESN'T HAVE AN INDEMNITY

6    OR ANY JUSTICIABLE INTEREST --

7              THE COURT:  STANDING OF WHO WHERE?

8              MR. STEVENSON:  OF GOOGLE IN THIS CASE TO ASSERT --

9              THE COURT:  THIS IS A MOTION TO TRANSFER.  YOU ARE

10   MAKING A STANDING ARGUMENT NOW?

11             MR. STEVENSON:  NO, I AM NOT MAKING A STANDING

12   ARGUMENT NOW.  WHAT I'M SUGGESTING IS IT'S RELEVANT BECAUSE IF

13   GOOGLE ISN'T INDEMNIFYING OR TAKING RESPONSIBILITY FOR THE

14   MODIFIED ANDROID CODE ON THE HANDSETS, RIGHT, THEN --

15             THE COURT:  I DON'T KNOW IF THEY ARE OR NOT.

16             MR. STEVENSON:  I DON'T THINK THEY ARE.  AND WE HAVE

17   ASKED THEM IF THEY WILL AND THEY REFUSE TO ANSWER THAT

18   QUESTION.

19             THE COURT:  WE JUST WENT THROUGH THIS.

20      IS THERE ANYTHING ELSE?

21             MR. STEVENSON:  NO, YOUR HONOR.

22             THE COURT:  THAT'S ALL?

23             MR. STEVENSON:  MY -- MY REQUEST TO YOU, THOUGH, IS

24   IF WE TRANSFER THIS CASE TO TEXAS, WE WILL HAVE ONE CASE, NO

25   POSSIBILITY OF GOOGLE TRYING TO GET A FREE SHOT, WHERE THERE
```

```
1   WILL BE ONE ADJUDICATION OF INFRINGEMENT OR NONINFRINGEMENT

2   FOR EACH OF THE HANDSETS.

3       AND MY SUGGESTION TO YOUR HONOR IS THAT MAKES A LOT MORE

4   JUDICIAL ECONOMY SENSE THAN HAVING TWO CASES RUNNING IN

5   PARALLEL WHEN THIS CASE CAN AT MOST DETERMINE THE INFRINGEMENT

6   OF THE NEXUS, THE GOOGLE NEXUS HANDSET, WHICH IS A VERY SMALL,

7   YOU KNOW, LOW SINGLE DIGIT PERCENTAGE MARKET SHARE PRODUCT IN

8   THE MARKET.

9           THE COURT:  WELL, WE DON'T KNOW YET WHETHER JUDGE

10  GILSTRAP WILL BE TRANSFERRING HIS CASES HERE.

11          MR. STEVENSON:  WE DON'T.

12          THE COURT:  DID YOU WANT TO RESPOND?

13          MR. WARREN:  SURE.  A COUPLE QUICK THINGS, YOUR

14  HONOR.

15      FIRST OF ALL, AS YOU NOTED AT THE END, COUNSEL'S ENTIRE

16  ARGUMENT DEPENDS ON THE PREMISE THAT JUDGE GILSTRAP WILL DENY

17  THE TRANSFER MOTION AND THAT THOSE CASES ARE GOING TO STAY IN

18  TEXAS.  WE OBVIOUSLY HOPE THAT HE WILL GRANT THE TRANSFER

19  MOTION.

20          THE COURT:  DID ALL OF THE DEFENDANTS MOVE TO

21  TRANSFER?

22          MR. WARREN:  YES, YOUR HONOR.

23          THE COURT:  EVEN SAMSUNG?

24          MR. WARREN:  YES, YOUR HONOR.

25      ALL OF THE DEFENDANTS HAVE MOVED TO TRANSFER.  EVERYONE
```

1    HAS MOVED TO TRANSFER.  WE ALL HOPE THAT ALL OF THOSE CASES

2    WILL COME UP HERE.  THAT IS UNRESOLVED, BUT I THINK IT'S A

3    FALSE PREMISE FOR COUNSEL TO SAY THAT THE ONLY WAY FOR THE

4    CASES TO BE HEARD IN ONE PLACE WOULD BE FOR THIS COURT TO

5    TRANSFER THEM DOWN THERE.

6        MY VIEW PERSONALLY IS THAT IF THIS COURT DENIES TRANSFER,

7    I WOULD ARGUE FOR THE SECOND TIME, IF THIS COURT DENIES

8    TRANSFER I THINK JUDGE GILSTRAP WILL CERTAINLY TAKE THAT INTO

9    ACCOUNT.  AND I WOULD HOPE THAT HE WOULD EXERCISE COMITY AND

10   TRANSFER THE CASES UP HERE.  I OBVIOUSLY CAN'T GUARANTEE THAT,

11   BUT I THINK IT'S SOMETHING THAT YOUR HONOR SHOULD CONSIDER.

12       ANOTHER THING I WANT TO MENTION THAT COUNSEL SORT OF

13   ALIGHTED IS THAT, IN FACT, AS BETWEEN ROCKSTAR AND GOOGLE IN

14   TEXAS, ONLY THREE PATENTS ARE AT ISSUE.  THEY HAVE MOVED FOR

15   LEAVE TO AMEND THE OTHER FOUR.  THAT MOTION WAS PENDING THE

16   LAST TIME THAT WE WERE HERE TOGETHER.  THAT MOTION REMAINS

17   PENDING.

18       THE CURRENT STATE OF PLAY IS THERE'S ONLY THREE PATENTS AT

19   ISSUE BETWEEN ROCKSTAR AND GOOGLE IN TEXAS.  THERE ARE ALL

20   SEVEN ARE AT ISSUE UP HERE.

21       I WOULD ALSO NOTE THAT COUNSEL REFERRED SEVERAL TIMES TO

22   THIS CASE AS A DECLARATORY CASE.  IT STARTED OUT THAT WAY.

23   ROCKSTAR HAS COUNTERSUED US FOR INFRINGEMENT.  SO THIS IS JUST

24   AS MUCH AN INFRINGEMENT CASE, AS ANY OTHER CASE INCLUDING THE

25   CASE IN TEXAS.

1          I ALSO WANT TO RESPOND TO HIS POINT ABOUT THE CUSTOMER

2     SUIT.  YOUR HONOR HAS ALREADY DECIDED THIS IS A

3     MANUFACTURER/CUSTOMER SUIT.  THEY DON'T ACTUALLY CHALLENGE

4     THAT RULING.  THAT WAS A RULING THAT YOUR HONOR MADE IN THE

5     PERSONAL JURISDICTION CONTEXT.  THAT IS DONE.  THEY ARE

6     ESSENTIALLY TRYING TO RE-LITIGATE AN ISSUE UNDER THE GUISE OF

7     JUDICIAL EFFICIENCY IN THE VENUE CONTEXT.

8          I DON'T THINK IT REALLY BELONGS THERE, BUT THAT'S WHAT

9     THEY ARE TRYING DO.

10         TO CLEAR UP ANY MISCONCEPTIONS ABOUT THE ANDROID PLATFORM,

11    BY THE ANDROID PLATFORM WE DO MEAN THE ANDROID OPEN SOURCE

12    PRODUCTS THAT WE PUT OUT ON THE INTERNET.  COUNSEL HAS NOW

13    REPRESENTED TO THE COURT THAT THEY DON'T THINK THAT INFRINGES.

14    SO THAT'S GREAT.  THEN THAT WON'T BE AN ISSUE AT ALL.

15         **THE COURT:**  TO WHAT EXTENT DO THE TEXAS DEFENDANTS

16    USE THE ANDROID PLATFORM OUT OF THE BOX AND TO WHAT EXTENT DO

17    THEY MODIFY IT?

18         **MR. WARREN:**  SO THE SHORT ANSWER IS, IS THAT THERE

19    ARE SOME MODIFICATIONS, HOWEVER ROCKSTAR'S VIEW RIGHT NOW IS

20    THAT THOSE MODIFICATIONS ARE NOT MATERIAL TO ITS INFRINGEMENT

21    CONTENTIONS.

22         AND WE KNOW THIS BECAUSE THEY HAVE GIVEN US INFRINGEMENT

23    CONTENTIONS IN TEXAS.  AND ONE OF THE INFRINGEMENT CONTENTIONS

24    THAT THEY HAVE GIVEN US IS THE '973 AND EVERY -- THEY'VE GIVEN

25    SEPARATE INFRINGEMENT CONTENTIONS TO EACH OF THE TEXAS

1    DEFENDANTS.

2        EVERY SINGLE ONE CONTAINS THE FOLLOWING LANGUAGE:  THE

3    EXEMPLARY OPEN SOURCE CITATIONS HEREIN SHOW THAT THE CITED

4    FUNCTIONALITIES APPEAR IN ACCUSED PRODUCTS HAVING ANY VERSION

5    OR ADAPTATION THEREOF OF ANDROID OPERATING SYSTEM.  THE CITED

6    FUNCTIONALITIES OR EQUIVALENT FUNCTIONALITIES APPEAR IN ALL

7    ACCUSED PRODUCTS WITH ANY VERSION OF ANDROID OPERATION SYSTEM.

8        SO THAT'S THEIR RULE 11 BASIS FOR INFRINGEMENT IN TEXAS.

9    THEIR RULE 11 BASIS FOR INFRINGEMENT IN TEXAS IS EVERYTHING'S

10   THE SAME, THEY ONLY HAVE TO CITE TO THE OPEN SOURCE.  AND THEY

11   CLEARLY THINK THAT THEY HAVE A RULE 11 BASIS FOR INFRINGEMENT

12   ON THAT BASIS.  YOU KNOW, I THINK WE DON'T INFRINGE.  BUT I

13   THINK YOUR HONOR AND HOPEFULLY A JURY IN THIS COURTHOUSE WILL

14   FIGURE THAT OUT.

15       THEY -- THEY ARE SAYING RIGHT NOW THAT THERE ARE

16   MODIFICATIONS THAT ARE MATERIAL.  THE PROBLEM IS IS THAT THEIR

17   OFFICIAL INFRINGEMENT CONTENTIONS HAVE IDENTIFIED NO SUCH

18   MODIFICATIONS.

19       I WOULD ALSO NOTE THAT THE STANDARD FOR WHETHER OR NOT

20   THIS IS A MANUFACTURER/CUSTOMER SUIT, I THINK COUNSEL HAS

21   MISSTATED IT SLIGHTLY.  AGAIN, I DON'T THINK THAT MATTERS, BUT

22   IF YOUR HONOR IS INTERESTED IN TAKING THAT STANDARD INTO

23   ACCOUNT, WE FILED SOMETHING YESTERDAY WHERE THE FEDERAL

24   CIRCUIT RESTATED THAT STANDARD, AND THAT STANDARD IS, ALTHOUGH

25   THERE MAY BE ADDITIONAL ISSUES INVOLVING THE DEFENDANTS IN THE

1    CUSTOMER ACTION, THEIR PROSECUTION WILL BE ADVANCED IF THE

2    PLAINTIFF IS SUCCESSFUL ON THE MAJOR PREMISES BEING LITIGATED

3    IN THE MANUFACTURER LITIGATION AND MAY WELL BE MOOTED IF THE

4    PLAINTIFF IS UNSUCCESSFUL.  THAT'S THE FEDERAL CIRCUIT

5    YESTERDAY.

6        SO IF IT IS SUCCESSFUL ON THE MAJOR PREMISES.  I THINK

7    THAT THE COURT HAS ALREADY FOUND THAT MAJOR ISSUES ARE GOING

8    TO BE RESOLVED IN THIS LITIGATION.  WE HAVE ASKED FOR THE

9    OTHER CASES TO BE TRANSFERRED UP HERE.  FOR ALL THE REASONS WE

10   STATED IN OUR BRIEF, I AM HAPPY TO GO THROUGH THE TRANSFER

11   FACTORS, BUT I DOUBT YOUR HONOR WANTS ME TO.

12       I'M BEING TOLD TO SLOW DOWN.

13       THE LOCUS OF THE WITNESSES IS UP HERE.  TO THE EXTENT THAT

14   THEY HAVE WITNESSES, I THINK WE HAVE SHOWN CONVINCINGLY THAT

15   THOSE WITNESSES ARE EITHER IN CANADA -- THEY'RE CERTAINLY NOT

16   IN MARSHALL, TEXAS, AND ALL OF THE CONVENIENCE, THE PUBLIC AND

17   THE PRIVATE FACTORS MILITATE IN FAVOR OF A HEARING IN THIS

18   FORUM.

19           **THE COURT:**  ARE YOU ALLEGING INVALIDITY OF THEIR

20   PATENTS HERE?

21           **MR. WARREN:**  WE ARE, YOUR HONOR.

22           **THE COURT:**  YOU HAVE ALREADY?

23           **MR. WARREN:**  WE HAVE ALREADY, YOUR HONOR.

24           **THE COURT:**  YOU WEREN'T AWARE OF THAT?

25           **MR. STEVENSON:**  YES, THEY HAVE AFFIRMATIVE DEFENSE OF

```
 1    INVALIDITY.  THEY DON'T HAVE A DECLARATORY JUDGMENT CLAIM FOR

 2    INVALIDITY.

 3            THE COURT:  OH, BUT THEY RESPONDED TO YOUR

 4    COUNTERCLAIM BY CLAIMING INVALIDITY?

 5            MR. STEVENSON:  YES, YOUR HONOR.

 6            THE COURT:  SO DO YOU HAVE ANY COMMENT ABOUT WHETHER

 7    YOU'RE INDEMNIFYING THE TEXAS DEFENDANTS --

 8            MR. WARREN:  I THINK THAT THAT'S SOMETHING THAT MAY

 9    OR MAY NOT BE SUBJECT TO DISCUSSIONS BETWEEN OUR CLIENTS.  AND

10    I DON'T THINK THAT I HAVE TO REVEAL THAT UNTIL THE APPROPRIATE

11    TIME.  AND AS I THINK YOUR HONOR NOTED, IT DOESN'T MATTER.

12    WHO PAYS DOESN'T MATTER.

13            THE COURT:  DO YOU HAVE ANY INFORMATION AS TO WHETHER

14    THE TEXAS DEFENDANTS WOULD BE AGREEABLE TO BEING BOUND BY ANY

15    DETERMINATIONS MADE IN THIS COURT?

16            MR. WARREN:  I ASKED THEM THAT QUESTION THIS MORNING,

17    AND THEY ALL RESPONDED THAT ROCKSTAR NEVER ASKED THEM THAT.

18    AND SO OBVIOUSLY THAT'S SOMETHING THAT THEY WOULD HAVE TO TALK

19    TO THEIR CLIENTS ABOUT.

20        ROCKSTAR MAKES A BIG DEAL IN THEIR PAPERS ABOUT HOW THE

21    TEXAS DEFENDANTS HAVE NOT AGREED TO BE BOUND BY THE OUTCOME OF

22    THIS ACTION.  I THINK IF THEY REALLY CARED ABOUT THAT INSTEAD

23    OF TRYING TO MAKE A RHETORICAL POINT, THEY WOULD HAVE ASKED

24    THE TEXAS DEFENDANTS.  THE TEXAS DEFENDANTS ALL CONFIRMED TO

25    ME TODAY THAT THEY HAD NOT BEEN ASKED THAT QUESTION.
```

1    IN LIGHT OF THAT, I THINK THE COURT SHOULDN'T WORRY ABOUT

2    IT PARTICULARLY SINCE THE STANDARD IS NOT AGREEMENT TO BE

3    BOUND.  THE STANDARD IS RESOLUTION OF MAJOR ISSUES.  AGREEMENT

4    TO BE BOUND IS ONE WAY TO GET THERE.

5    I THINK WE HAVE SHOWN THAT THERE ARE LOTS OF OTHER WAYS TO

6    GET THERE, AND THAT WE ARE GOING TO GET THERE ANOTHER WAY.

7    **THE COURT:**  WELL, AGREEMENT TO BE BOUND WOULD BE

8    CERTAINLY COMPELLING.  AND IF THEY WERE TO MAKE SUCH AN

9    AGREEMENT AND LET THE TEXAS COURT KNOW THAT, IT MIGHT CHANGE

10   THE SITUATION.

11   SO, I'LL TAKE -- DID YOU WANT TO RESPOND?

12   **MR. STEVENSON:**  A COUPLE OF QUICK POINTS, YOUR HONOR.

13   ONE, ON THE ISSUE OF ANDROID OPEN SOURCE DOESN'T INFRINGE.

14   SO MY COMMENTS ARE VERY CLEAR AND THEY AREN'T EVER GOING TO BE

15   MISCONSTRUED, WHAT I'M SAYING IS THAT OUR PATENTS HAVE

16   HARDWARE AND SOFTWARE ELEMENTS TO THEM.  AND SO YOU CAN'T JUST

17   LOOK AT AN EXECUTABLE FILE OR A FLOPPY DISK AND SAY THAT MEETS

18   ALL OF THE ELEMENTS.  EVEN THOUGH IT MAY MEET SOME OF THEM,

19   YOU NEED HARDWARE ELEMENTS IN ADDITION.  THEY COVER HANDSETS.

20   THEY AREN'T JUST ABSTRACT SOFTWARE PATENTS.  THAT'S POINT

21   NUMBER ONE.

22   POINT NUMBER TWO, ON THE CUSTOMER SUIT EXCEPTION, THE

23   CUSTOMER SUIT CASES DEAL WITH A MANUFACTURER WHO, FOR

24   INSTANCE, MANUFACTURES A TV, SELLS IT THROUGH A RETAILER, AND

25   SOMEBODY SUES THE RETAILER AND/OR THE MANUFACTURER, BUT THE

```
1    DIFFERENCE IN THOSE CUSTOMER SUITS ARE, IN THOSE, THE

2    MANUFACTURER AND THE RETAILER ARE JOINT TORTFEASORS JOINTLY

3    AND SEVERALLY LIABLE.

4         HERE, ALTHOUGH GOOGLE IS TRYING TO INVOKE THE CUSTOMER

5    SUIT EXCEPTION, THE REALITY IS, THEY ARE NOT SAYING IF THERE'S

6    INFRINGEMENT WE ARE JOINTLY AND SEVERALLY LIABLE WITH THE

7    HANDSET MAKERS.  WHAT THEY ARE TRYING TO DO IS SAY WE WANT AN

8    ADJUDICATION.  THAT'S THE FREE SHOT.  AND IF WE LOSE --

9              THE COURT:  I'M SORRY, WE, GOOGLE, WANT AN

10   ADJUDICATION OF?

11             MR. STEVENSON:  GOOGLE WANTS AN ADJUDICATION OF

12   ANDROID IN THE ABSTRACT.  THEN THEY WANT TO BE ABLE TO SAY IF

13   THEY WIN, WE HAVE NOW PROVEN HANDSETS DON'T INFRINGE ANY OF

14   ROCKSTAR'S PATENTS.  BUT IF THEY LOSE, THEY WANT TO BE ABLE TO

15   SAY THIS RULING DOESN'T APPLY TO THE HANDSETS.  GO AND PROVE

16   YOUR CASE, ROCKSTAR, INDIVIDUALLY AGAINST EACH OF THE HANDSET

17   MAKERS.

18        IN FACT, ALTHOUGH MR. WARREN POINTED TO INFRINGEMENT

19   CONTENTIONS, WE DON'T HAVE THE SOURCE CODE YET.  AS SOON AS WE

20   GET THE SOURCE CODE, WE ARE GOING TO CUSTOMIZE THE

21   INFRINGEMENT CONTENTIONS FOR EACH ONE OF THE DEFENDANTS.

22        SO WHAT THAT LEADS TO IS A SITUATION WHERE, YOUR HONOR,

23   GOOGLE WANTS TO GET AN ADJUDICATION HERE THAT IF IT WINS IT

24   CAN SAY BROADLY EXEMPTS THE INDUSTRY, BUT IT IF IT LOSES,

25   GOOGLE WANTS TO BE ABLE TO SAY, WELL, THIS IS JUST AN
```

1    ADJUDICATION OF GOOGLE.  ROCKSTAR, IF YOU WANT TO SHOW NOW

2    INFRINGEMENT BY HTC OR LG, YOU'VE GOT TO GO PROVE AN

3    INFRINGEMENT CASE AGAINST THEM.

4        SO THEY WOULD GET -- IF THERE'S A TRIAL HERE AND A TRIAL

5    IN TEXAS, GOOGLE WOULD GET TWO BITES AT THE NONINFRINGEMENT

6    APPLE IN THEIR VIEW.  THAT'S WHY THIS BECOMES AN IMPORTANT

7    ISSUE FOR THE COURT TO ADDRESS BECAUSE IF WE ARE GOING TO HAVE

8    PARALLEL PROCEEDINGS, I THINK ONE THING AT LEAST YOUR HONOR

9    OUGHT TO TAKE INTO ACCOUNT IN EXERCISING YOUR DISCRETION IS

10   THE FAIRNESS OF PARALLEL PROCEEDINGS.

11       I THINK THAT'S PROBABLY WHAT UNDERLIED YOUR QUESTION ABOUT

12   WOULD THE TEXAS DEFENDANTS AGREE TO BE BOUND BY INVALIDITY.

13   IT'S THE SAME CONCEPT HERE AS TO INFRINGEMENT.

14       **MR. WARREN:**  YOUR HONOR, IF I CAN RESPOND VERY

15   BRIEFLY TO THAT.

16       I DON'T THINK ANY CLIENT HAS EVER DESCRIBED MAJOR FEDERAL

17   PATENT LITIGATION AS A FREE SHOT.  OBVIOUSLY IT'S INCREDIBLY

18   DISRUPTIVE.  GOOGLE, AS YOU KNOW, WAS NOT SUED BY ROCKSTAR IN

19   THE HALLOWEEN CASES.  WE BROUGHT THIS CASE BECAUSE WE WANTED

20   TO BE INVOLVED.  THAT WAS A SIGNIFICANT DECISION BY THE

21   CLIENT.  IT IS THE OPPOSITE OF A FREE SHOT.

22       I WOULD ALSO NOTE THAT WE ARE NOT ASKING FOR SEPARATE

23   TRIALS IN THIS COURT AND IN TEXAS.  WE ARE ASKING FOR ONE

24   TRIAL IN THIS COURT.  SO, TO THE EXTENT THAT COUNSEL SAYS WE

25   ARE TRYING TO, IN SOME WAY, HAVE IT BOTH WAYS, I DON'T FULLY

1    UNDERSTAND THAT.  BUT THAT'S NOT ACTUALLY WHAT WE WANT.

2        WE WANT EVERYTHING TO BE RESOLVED HERE IN THIS COURTROOM

3    IN A TRIAL BEFORE YOUR HONOR.  THAT'S WHAT WE ARE SEEKING.

4        AND, YOU KNOW, TO THE EXTENT THAT, YOU KNOW, COUNSEL IS

5    NOW CHANGING WHAT HE SAYS ABOUT THE ANDROID PLATFORM, I THINK

6    THAT IS AN EXTREMELY IMPORTANT REASON WHY THAT ISSUE, WHICH IS

7    AT ISSUE HERE AND IS NOT IN TEXAS, SHOULD BE RESOLVED.  WE

8    WANT COMPLETE RESOLUTION AS TO THE FULL SCOPE OF THEIR

9    INFRINGEMENT CONTENTIONS AGAINST GOOGLE, AND IT SOUNDS LIKE WE

10   ARE GOING TO GO GET IT IN THIS COURTROOM ON SEVEN PATENTS.  WE

11   ARE NOT GOING TO GET IT IN TEXAS EVEN ON THREE PATENTS.

12              **THE COURT:**  OKAY.

13       WELL, WE'LL GO AHEAD AND HAVE THE CASE MANAGEMENT

14   CONFERENCE.  I'M INCLINED TO DENY THE MOTION TO TRANSFER AND I

15   MIGHT ADD THAT I'M ALSO INCLINED TO DENY THE MOTION TO CERTIFY

16   AN INTERLOCUTORY APPEAL, WHICH I HAVEN'T GOTTEN OUT YET.

17       SO LET'S ASSUME WE ARE GOING FORWARD.  I WILL TAKE INTO

18   ACCOUNT THE TEXAS SCHEDULE BECAUSE WHO KNOWS IF THAT CASE

19   ISN'T TRANSFERRED HERE, WHICH IT MAY NOT BE, YOU MAY END UP

20   WITH CASES IN BOTH COURTS.  AND IF THAT HAPPENS, ONE MIGHT

21   CALL THE OTHER'S BLUFF.  AND IF THAT DOESN'T HAPPEN, THEN

22   WE'LL TRY TO ORGANIZE IT IN A WAY WHERE YOU'LL -- WE WILL HAVE

23   CLAIM CONSTRUCTION IN ONE PLACE FIRST, AND TRY TO COORDINATE

24   IT A LITTLE BIT.

25       SO, IN TERMS OF SETTLEMENT -- IN TERMS OF DISCOVERY, YOU

```
1    HAVE A DISPUTE ABOUT THIS 150 HOURS OF DEPOS.  I'M JUST GOING
2    TO -- RATHER THAN TRY TO RESOLVE THAT, I'M GOING TO TAKE A
3    WILD GUESS AND FIGURE THAT YOU WILL HAVE MORE DISCOVERY
4    DISPUTES IN THE FUTURE, AND I'M GOING TO REFER YOU TO A
5    MAGISTRATE JUDGE TO TRY TO COME UP WITH A DISCOVERY PLAN THAT
6    WOULD ADDRESS HOURS OF DEPOSITION, WOULD ADDRESS COORDINATION
7    WITH THE TEXAS CASES IN THE EVENT THAT THOSE DO STAY IN TEXAS,
8    AND ANY OTHER DISPUTES THAT MIGHT COME ALONG.  SO WE WILL SEND
9    YOU A REFERRAL.
10       I WOULD LIKE YOU TO MEET AND CONFER AGAIN AND SEE IF YOU
11   CAN COME UP WITH AN AGREEMENT.  IF YOU CAN'T, THEN WHOEVER
12   WANTS SOMETHING OTHER THAN WHAT'S IN THE FEDERAL RULES OF
13   CIVIL PROCEDURE, CAN FILE A MOTION FOR THAT TO GET YOURSELVES
14   IN FRONT OF A MAGISTRATE JUDGE.  THERE'S A PROCEDURE FOR DOING
15   IT IN MY PRETRIAL PREP ORDER, WHICH YOU CAN GET RIGHT THERE.
16   THERE'S A SCHEDULING ORDER, PRETRIAL PREP ORDER ATTACHED.  YOU
17   FILE A LETTER BRIEF, SORT OF GENERIC LETTER BRIEF AND THEN
18   THAT GETS YOU TO A MAGISTRATE JUDGE, AND THEN THAT PERSON WILL
19   HANDLE THIS AS WELL AS OTHER MATTERS.
20       YOU PUT IN A STIPULATION FOR ALTERNATIVE DISPUTE
21   RESOLUTION TO TAKE PLACE BY PRIVATE MEDIATION 60 DAYS FROM A
22   CLAIM CONSTRUCTION ORDER.  THAT'S WAY TOO LATE.  I DIDN'T SIGN
23   IT BECAUSE I DON'T AGREE WITH IT.  I WOULD LIKE YOU TO GO TO A
24   PRIVATE MEDIATOR, AND WHAT I WOULD LIKE YOU TO DO -- YOU CAN
25   ORGANIZE ALL YOUR FRIENDS IN TEXAS, AND I WOULD LIKE ALL OF
```

```
 1    YOU ALL TO GET TOGETHER AND HAVE AN ALTERNATIVE DISPUTE

 2    RESOLUTION PROCEDURE WITH A PRIVATE MEDIATOR THAT WILL COVER

 3    BOTH THE TEXAS CASES AND THIS CASE.  AND I CAN ORDER YOU TO DO

 4    THAT BECAUSE YOU ARE IN BOTH CASES, AND I CAN ASK -- I CAN

 5    ORDER YOU TO DO IT AND ASK YOU TO ROUND UP ALL YOUR FRIENDS

 6    AND GET THEM TO COME TOO.

 7            MR. WARREN:  I WILL CERTAINLY MAKE MY BEST EFFORTS TO

 8    DO THAT, YOUR HONOR.  I'M CONFIDENT THAT I CAN.

 9            THE COURT:  YEAH.

10            MR. SOCHIA:  WE HAVE --

11            THE COURT:  HOLD ON JUST A SECOND.  I DON'T WANT YOU

12    TO FIGHT ABOUT WHERE THE MEDIATION IS.  YOU CAN GET SOMEBODY

13    HERE, YOU CAN GET SOMEBODY IN TEXAS IF THEY HAVE PEOPLE IN

14    TEXAS.  YOU CAN GET SOMEBODY IN CHICAGO, OR DENVER, OR

15    SOMETHING LIKE THAT, BUT I WOULD LIKE FOR ALL OF YOU TO

16    PARTICIPATE IN THAT.

17       WHAT DID YOU WANT TO SAY?

18            MR. SOCHIA:  WE HAVE AN AGREED MEDIATOR IN THE TEXAS

19    ACTIONS.  SO I WOULD ASK MR. WARREN IF WE CAN JUST USE JUDGE

20    FOLSOM.

21            MR. WARREN:  AS LONG AS YOU WON'T HOLD IT AGAINST ME

22    AND SAY THAT THE TEXAS ACTION IS PROGRESSING FASTER THAN THIS

23    ONE AS A RESULT OF THAT AGREEMENT.

24            MR. SOCHIA:  I WON'T.

25            THE COURT:  WHO IS THAT, A RETIRED JUDGE IN TEXAS?
```

```
1            MR. SOCHIA:  YES, YOUR HONOR.

2            THE COURT:  THAT'S FINE.  THEN DO THAT.  I WOULD LIKE

3     YOU TO DO IT IN 90 DAYS.

4            THE CLERK:  SEPTEMBER 24TH.

5            THE COURT:  FOR STARTERS.  AND IF YOU DON'T SETTLE IN

6     90 DAYS, YOU CAN KEEP ON HIS SCHEDULE AND COME AGAIN WHEN

7     YOU'VE GOT MORE INFORMATION.

8            MR. WARREN:  MY LEAD COUNSEL, MR. VERHOOVEN, HAS

9     REMINDED ME THAT I'M ACTUALLY NOT TOTALLY AUTHORIZED TO AGREE

10    TO JUDGE FOLSOM, SO WE WILL MEET AND NEVER ABOUT THAT AT A

11    LATER TIME.

12           THE COURT:  IF YOU CAN'T AGREE ON HIM, THEN TRY TO

13    AGREE ON SOMEBODY.  IF YOU CAN'T AGREE ON ANYBODY, THEN EACH

14    OF YOU GIVE ME THREE NAMES AND I'LL PICK SOMEBODY.

15           MR. VERHOOVEN:  I'M CONFIDENT WE WILL REACH

16    AGREEMENT, YOUR HONOR.

17           THE COURT:  WITH RESPECT TO THE SCHEDULING, YOUR

18    THING IS SO COMPLICATED I CAN'T REALLY FOLLOW IT.  YOU EACH

19    HAVE A STATEMENT OF WHAT IT SHOULD BE AND THEN SOMEONE ELSE

20    HAS ADDITIONAL DATES.

21                     (SIMULTANEOUS COLLOQUY)

22           THE COURT:  I HAVEN'T HAD A CHANCE TO COMPARE THE TWO

23    TO EACH OTHER.  WHAT I WILL SAY IS THAT I DON'T -- WELL, I

24    OFTEN DO CLAIM CONSTRUCTION AND CASE DISPOSITIVE MOTIONS

25    TOGETHER AS OPPOSED TO DOING CLAIM CONSTRUCTIONS ON ONE DATE
```

1    AND SUMMARY JUDGMENT MOTIONS LATER.  I PREFER THAT.

2        THE ONLY REASON I WOULDN'T DO THAT WOULD BE IF THERE WERE

3    REALLY CLAIM CONSTRUCTION ISSUES THAT WERE REALLY QUITE

4    SEPARATE FROM THE MERITS, THAT DIDN'T NEED MUCH DISCOVERY,

5    THAT WOULD BE SOMEHOW MORE EFFICIENT TO DO SEPARATELY.  AND IF

6    THAT WERE THE CASE AND YOU BOTH AGREED TO THAT, I WOULD

7    CONSIDER IT.  BUT GENERALLY SPEAKING, I FOUND IT MORE HELPFUL

8    TO DO THEM ALL AT ONCE.

9        THE OTHER ADVANTAGE TO DOING THEM ALL AT ONCE IN THIS

10   PARTICULAR CASE WOULD BE THAT MIGHT MEAN THAT IF THE OTHER

11   CASES STAY IN TEXAS, THAT THE CLAIM CONSTRUCTION THERE WOULD

12   BE DONE BEFORE WE GET TO IT HERE, AND THEN I WOULD HAVE THE

13   BENEFIT OF LOOKING AT WHAT THE TEXAS JUDGE HAD DONE WITH CLAIM

14   CONSTRUCTION.

15       SO I DON'T KNOW IF YOU HAVE THOUGHTS AT THE MOMENT AS TO

16   WHETHER THERE'S SOME STRONG ADVANTAGE HERE TO DOING CLAIM

17   CONSTRUCTION SEPARATELY OR WHETHER IT'S AGREEABLE TO DO IT

18   TOGETHER.

19           **MR. WARREN:**  YOUR HONOR, AS A PRELIMINARY MATTER, I

20   HAVE A HAND-UP THAT SUMMARIZES THE PROPOSALS AND LOCAL RULES.

21           **THE COURT:**  OH, OKAY.

22           **MR. SOCHIA:**  FROM ROCKSTAR'S PERSPECTIVE, WE ARE FINE

23   CONSOLIDATING CLAIM CONSTRUCTION WITH SUMMARY JUDGMENT.

24           **MR. WARREN:**  SO, OUR VIEW IS A LITTLE DIFFERENT.  I

25   KNOW YOUR HONOR IS SURPRISED BY THAT.

1    OUR VIEW IS THAT ACTUALLY HAVING A CLAIM CONSTRUCTION

2    HEARING THAT JUST TALKS ABOUT THE CLAIMS OFTEN SEPARATELY FROM

3    THE ACCUSED PRODUCTS CAN SIGNIFICANTLY NARROW THE ISSUES AND

4    IS OFTEN ABLE TO RESOLVE THINGS AND POTENTIALLY CAUSE MULTIPLE

5    PATENTS TO DROP OUT BEFORE YOU GET TO DISPOSITIVE MOTIONS,

6    WHICH HELPS EVERYBODY BECAUSE WE -- I DON'T THINK ANYONE

7    THINKS WE ARE GOING TO TRIAL ON SEVEN PATENTS.

8         **THE COURT:**  THAT CAN HAPPEN, BUT MY DEFAULT IS TO DO

9    THEM TOGETHER.  SO I WOULD NEED TO HEAR SOMETHING THAT WOULD

10   TELL ME, WELL, IN THIS CASE WE HAVE THESE ISSUES THAT REALLY

11   ARE SEPARATE AND THAT AREN'T -- IT'S NOT GOING TO HELP YOU TO

12   KNOW WHAT THE ACCUSED PRODUCTS ARE, AND SO ON.

13       SO, IF YOU HAVE SOMETHING TAILORED TO THIS CASE, THAT

14   WOULD BE OF INTEREST.  BUT AS A DEFAULT MODE, THAT MAY BE YOUR

15   DEFAULT, BUT IT'S NOT MY DEFAULT.

16       **MR. WARREN:**  AND I THINK YOUR DEFAULT CLEARLY

17   PREVAILS, YOUR HONOR.  I DON'T -- I DON'T HAVE THAT AT THIS

18   TIME.  I WOULD LIKE A BRIEF AMOUNT OF TIME TO --

19       **MR. VERHOOVEN:**  IF I COULD JUST SAY ONE THING, YOUR

20   HONOR.

21       **MR. WARREN:**  YEAH.

22       **MR. VERHOOVEN:**  AS I UNDERSTAND IT, THERE'S SEVEN

23   PATENTS.

24       **MR. WARREN:**  SEVEN PATENTS.

25       **MR. VERHOOVEN:**  DIFFERENT PATENT FAMILIES, SO THEY

```
1    ARE NOT ALL PART OF THE SAME PATENT.  SO THE AMOUNT OF

2    BRIEFING YOUR HONOR IS GOING TO GET IF WE DO A SINGLE MARKMAN

3    JUST BECAUSE THERE'S SO MANY PATENTS AND DIFFERENT FAMILIES,

4    IS GOING TO BE A HUGE AMOUNT --

5         THE COURT:  EXCEPT YOU WILL BE LIMITED BY THE NUMBER

6    OF CLAIMS THAT YOU CAN PURSUE.

7         MR. VERHOOVEN:  BUT IF THAT'S THE CASE, IF WE ARE

8    LIMITED -- THAT'S A GOOD POINT, YOUR HONOR.

9       BUT I STILL FEEL THAT IN MY EXPERIENCE, WITH THAT MANY

10   PATENTS AND THAT MANY DIFFERENT PATENT FAMILIES, IF YOU

11   COMBINE THE TWO, SUMMARY JUDGMENT AND CLAIM CONSTRUCTION, THE

12   NUMBER OF ISSUES THAT YOU'RE GOING TO GET IS GOING TO BE MUCH

13   LARGER THAN IF YOU DID IT IN A STAGED PROCESS WHERE YOU KNOW

14   YOU ARE GOING TO GET ALL THE CLAIM CONSTRUCTION ISSUES, BUT

15   YOU'RE PROBABLY GOING TO GET A LOT LESS ON THE SUMMARY

16   JUDGMENT SIDE AS A RESULT OF DOING THEM IN A STAGED PROCESS.

17      WHEREAS IF WE DO IT TOGETHER, WE ARE NOT GOING TO KNOW THE

18   RESULTS OF ALL THE CLAIM CONSTRUCTIONS.  AND IN A SMALLER CASE

19   WITH ONE, TWO, OR THREE PATENTS, THAT'S FINE.  IF YOU ARE

20   TALKING ABOUT SEVEN DIFFERENT PATENT, SEVEN DIFFERENT PATENT

21   FAMILIES, A HEAVILY LITIGATED CASE, I CAN SEE EITHER A LARGE

22   BRIEFING OR US BEING IN A SITUATION WHERE WE DON'T HAVE THE

23   PAGES TO BRIEF ALL THE DIFFERENT ISSUES THAT ARE GOING TO BE

24   COMING UP.

25      SO THAT'S JUST MY TWO CENTS, YOUR HONOR.
```

```
1              THE COURT:  I WILL USE THIS CHART THEN.  DID YOU GIVE

2     HIM ONE?

3              MR. WARREN:  I DID.

4              MR. SOCHIA:  YES.  IT'S THE FIRST TIME I'VE SEEN IT,

5     YOUR HONOR, BUT WE WILL WALK THROUGH IT, I SUPPOSE.

6              THE COURT:  IT'S A COMPILATION OF WHAT'S IN THE CASE

7     MANAGEMENT STATEMENT, I GUESS --

8              MR. WARREN:  UNLESS WE HAVE MADE A TERRIBLE ERROR,

9     THAT'S ALL IT IS, YOUR HONOR.

10              THE COURT:  IN A MORE READABLE WAY.

11         LET'S GO WITH JULY 24TH FOR INFRINGEMENT CONTENTIONS.

12         AUGUST 25TH FOR INVALIDITY CONTENTIONS.

13         SEPTEMBER 8TH FOR PROPOSED TERMS.

14         SEPTEMBER 29TH FOR PRELIMINARY CLAIM CONSTRUCTIONS.

15         YOU WANTED TO FILE AMENDED PLEADINGS ON JANUARY 8TH.

16     THAT'S WAY TOO LATE.  LET'S SAY 60 DAYS FOR AMENDED

17     PLEADINGS -- YOU KNOW, SOMETHING NEW COMES UP THAT YOU

18     COULDN'T ANTICIPATE, YOU CAN ALWAYS MOVE FOR LEAVE TO AMEND,

19     BUT AS THE DEFAULT 60 DAYS.

20              MR. WARREN:  OF COURSE, YOUR HONOR.

21              THE CLERK:  AUGUST 25TH.

22              THE COURT:  AUGUST 25TH.

23         AND THE FACT DISCOVERY, WHAT'S THE END OF FACT DISCOVERY

24     IN THE TEXAS CASE?

25              MR. WARREN:  I HAVE THAT, YOUR HONOR.  HANG ON.
```

```
 1              (PAUSE IN THE PROCEEDINGS.)

 2       THE CLOSE OF FACT DISCOVERY IN THE TEXAS CASE IS

 3   JANUARY 23RD OF 2015.

 4            THE COURT:  OKAY.  SO WE WILL GO WITH THAT, TOO.

 5   JANUARY 23RD OF 2015, CLOSE OF FACT DISCOVERY.

 6       INITIAL EXPERT REPORTS JANUARY 29TH.

 7       RESPONSIVE EXPERT REPORTS FEBRUARY 19TH.

 8       CLOSE OF EXPERT DISCOVERY MARCH 6TH.

 9       WE'LL HEAR CLAIM CONSTRUCTION AND CASE DISPOSITIVE MOTIONS

10   AROUND ABOUT APRIL 30TH, BUT ON A THURSDAY.  SO LET'S -- THAT

11   IS A THURSDAY, APRIL 30TH.

12            MR. WARREN:  WE DID READ YOUR HONOR'S STANDING ORDER

13   ABOUT THE THURSDAYS.

14            THE COURT:  AND THE TRIAL CAN'T BE ANY SOONER THAN 90

15   DAYS AFTER THAT, AND EVEN 90 DAYS WOULD BE PUSHING IT.

16       SO, LET'S SAY -- WELL, YOU HAVE YOUR TRIAL IN TEXAS IN

17   JULY, SO LET'S SAY SEPTEMBER FOR TRIAL.

18       AND THEN GOING BACK TO THE CLAIM CONSTRUCTION AND CASE

19   DISPOSITIVE MOTIONS, WE'LL HAVE THE PLAINTIFF FILE -- NO,

20   WELL, YOU'RE REALLY SORT OF THE DEFENDANT.  SO WE WILL CALL

21   YOU THE PLAINTIFF.  YOU FILE SIX WEEKS BEFORE THE 30TH ALL OF

22   YOUR PROPOSED CLAIM CONSTRUCTIONS AS WELL AS ANY CASE

23   DISPOSITIVE MOTIONS THAT YOU HAVE.

24       FOUR WEEKS BEFORE APRIL 30TH, YOU FILE YOUR CLAIM

25   CONSTRUCTIONS, YOUR OPPOSITION TO THEIR SUMMARY JUDGMENT
```

```
1    MOTION AND YOUR OWN SUMMARY JUDGMENT CLAIMS ALL IN A SINGLE

2    BRIEF, PRESUMPTIVELY OF 25 PAGES, ALTHOUGH YOU CAN ASK FOR

3    MORE IF YOU NEED THEM.

4        A WEEK AFTER THAT, YOU HAVE YOUR REPLY ON YOUR CLAIM

5    CONSTRUCTION, YOUR REPLY ON YOUR MOTION, AND YOUR OPPOSITION

6    TO THEIR MOTION.

7        AND A WEEK AFTER THAT, YOU HAVE YOUR REPLY ON YOUR CROSS

8    MOTION.

9        AND THAT HOPEFULLY WILL END UP WITH TWO WEEKS UNTIL THE

10   HEARING DATE, AND THEN WE WILL HEAR IT ALL.

11       NOW, IF YOU BOTH SHOULD HAPPEN TO AGREE THAT THERE REALLY

12   ARE THINGS THAT COULD BE PRODUCTIVELY DONE ON A CLAIM

13   CONSTRUCTION ORDER DIVORCED FROM SUMMARY JUDGMENT AND YOU WANT

14   TO AGREE ON A DATE FOR THAT ON A BRIEFING SCHEDULE FOR THAT, I

15   WOULD -- YOU CAN WRITE TO ME AND ASK TO DO IT THAT WAY.  IF

16   YOU BOTH AGREE TO IT, I WOULD BE FAR MORE LIKELY THAN IF I GOT

17   ONE OF THESE I'M SURE I'LL WIN SO PLEASE DO IT EARLY KINDS OF

18   THINGS.

19       FAILING THAT, WE WILL DO IT ALTOGETHER.  AS I SAY, IN THIS

20   CASE IT IS PARTICULARLY HELPFUL TO DO IT THAT WAY BECAUSE THAT

21   WILL LEAVE YOU TO DO YOUR CLAIM CONSTRUCTION IN TEXAS IN

22   JANUARY AND GIVE A COUPLE OF MONTHS AFTER THAT TO SEE IF THAT

23   HELPS ANYTHING WITH THIS CASE.

24           MR. WARREN:  I'M CONFIDENT THERE WON'T BE A HEARING

25   IN TEXAS, YOUR HONOR, BECAUSE THE CASES WILL BE TRANSFERRED UP
```

```
1    HERE.

2             THE COURT:  WE'LL SEE.  IN TERMS OF THE TRIAL IN

3    SEPTEMBER, I IMAGINE SOMEONE HAS MADE A JURY DEMAND?

4             MR. WARREN:  YES, YOUR HONOR.

5             MR. SOCHIA:  YES, YOUR HONOR.

6             THE COURT:  AND DID YOU HAVE A TIME ESTIMATE?

7             MR. WARREN:  WE ESTIMATED 20 DAYS, YOUR HONOR.

8             MR. SOCHIA:  AND ROCKSTAR, THE DEFENDANTS, REQUESTED

9    TEN DAYS.

10            THE COURT:  OKAY.  WE WILL GO WITH TEN THEN.

11       AND WE WILL START IT ON SEPTEMBER 14TH.  AND WE WILL HAVE

12   A PRETRIAL CONFERENCE ON SEPTEMBER 2ND AT 2:00 O'CLOCK.

13       AND THE PRETRIAL PREP ORDER THAT YOU GOT WILL TELL YOU ALL

14   THE PAPERWORK THAT NEEDS TO BE FILED IN ADVANCE OF THE

15   PRETRIAL CONFERENCE.

16       AND I THINK THAT'S ALL I HAVE UNLESS YOU ALL HAVE

17   SOMETHING ELSE.

18            MR. WARREN:  NO, YOUR HONOR.

19            MR. SOCHIA:  THAT'S ALL FROM US.

20            THE COURT:  OKAY.

21            MR. WARREN:  THANK YOU.

22            MR. SOCHIA:  THANK YOU, YOUR HONOR.

23                 (PROCEEDINGS CONCLUDED AT 2:50 P.M.)

24

25
```

## CERTIFICATE OF REPORTER

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

THURSDAY, JULY 10, 2014