IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., | No. C 13-5933 CW |
| Plaintiff, | ORDER DEFERRING RULING ON MOTION TO TRANSFER |
| v. | |
| ROCKSTAR CONSORTIUM U.S. LP, MOBILESTAR TECHNOLOGIES, LLC, | (Docket No. 67) |
| Defendants. | |

In this declaratory judgment action, Defendants Rockstar Consortium US LP and MobileStar Technologies, LLC filed a renewed motion to transfer this case to the Eastern District of Texas.[1] Defendants contend that this action should be combined with several of their actions asserted against Plaintiff Google Inc. and Google's customers in the Eastern District of Texas. Google opposes the motion as both procedurally improper because Defendants previously moved to transfer, and substantively deficient because the § 1404 convenience factors weigh in favor of retaining this action in the Northern District of California. At the June 26, 2014 hearing, the Court indicated it was inclined to deny the motion to transfer. See Docket No. 98 at 18:12-16.

---

[1] This motion is essentially identical to the one brought in conjunction with Defendants' motion to dismiss. To decline declaratory judgment jurisdiction over a case in favor of another identical one is equivalent to transferring the case; thus, "the transfer analysis essentially mirrors the considerations that govern whether the [] court could decline to hear the case." Micron Technology, Inc. v. Mosaid Technologies, Inc., 518 F.3d 897, 903 (Fed. Cir. 2008).

Subsequently, the Texas court denied Google and its customers' motions to transfer those actions to this district. See, e.g., Rockstar Consortium US LP et al. v. Samsung Electronics Co., Ltd. et al., Case No. 13-00900-JRG, Docket No. 70 (E.D. Tex. July 1, 2014).  It would not make sense to require the parties to engage in parallel litigation in two separate fora.  In the interests of judicial economy, if the customer suits were to proceed in Texas, the Court would likely transfer this action there.  See 28 U.S.C. § 1404.  However, on August 14, 2014, Google and its customers filed a petition for a writ of mandamus regarding the Texas court's order denying transfer.  See Docket Nos. 103, 104.  There is a possibility that the customer suits might not proceed in the Eastern District of Texas.  See In re Nintendo of Am., Inc., 2014 WL 2889911, at *2-3 (Fed. Cir. June 25, 2014).  Accordingly, the Court DEFERS RULING on the motion to transfer until the Federal Circuit rules on the petition for writ of mandamus.  If the customer suits were transferred to the Northern District of California, this Court would relate them to the above-entitled case.  Google shall file updates regarding its petition for writ of mandamus on the present case's docket.

IT IS SO ORDERED.

Dated: 8/20/2014

CLAUDIA WILKEN
United States District Judge

2