IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., | No. C 13-5933 CW |
| Plaintiff, | ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL |
| v. | |
| ROCKSTAR CONSORTIUM U.S. LP, MOBILESTAR TECHNOLOGIES, LLC, | (Docket No. 66) |
| Defendants. | |

In this patent infringement case, Defendants Rockstar

Consortium U.S. LP (Rockstar) and MobileStar Technologies, LLC

(MobileStar) previously moved to dismiss for lack of personal

jurisdiction or, in the alternative, to transfer to the Eastern

District of Texas.  The Court denied Defendants' motion.

Defendants now seek to certify the Court's Order for interlocutory

review by the Federal Circuit.  Plaintiff Google, Inc. opposes.

Having considered the papers, the Court DENIES the motion.

BACKGROUND

The Court's prior order denying Defendants' motion to dismiss

or, in the alternative, to transfer lays out the underlying

factual background in great detail, and so the Court provides only

the procedural history relevant to the present motion.

On January 23, 2014, Defendants moved to dismiss this action

for lack of personal jurisdiction and improper venue and to

United States District Court
For the Northern District of California

1  decline jurisdiction under the Declaratory Judgment Act.  Docket

2  No. 20.  The Court held a hearing on March 13, 2014.  The Court

3  denied Defendants' motion, holding it had specific jurisdiction

4  because, "with conflicts in the allegations and evidence resolved

5  in [Google's] favor, Google has shown that it is likely that

6  Defendants have created continuing obligations with a forum

7  resident to marshal the asserted patents such that it would not be

8  unreasonable to require Defendants to submit to the burdens of

9  litigation in this forum."  Docket No. 58 (Order) at 19-20.  The

10 Court further found that there was no reason to decline

11 declaratory judgment jurisdiction or transfer the case to the

12 Eastern District of Texas because the § 1404 convenience factors

13 either favored this forum or were neutral.  See, generally, Order

14 at 20-28.

15     Defendants now move for certification of the Court's Order

16

17 for interlocutory review under 28 U.S.C. § 1292(b).  Specifically,

18 they seek to certify the following question:

19

20     Whether Rockstar US LP, a Delaware limited partnership
       resident in the Eastern District of Texas is subject to
21     personal jurisdiction in the Northern District of
       California, due to its alleged "continuing obligations"
22     to Apple, one of its five limited partners, without (a)
       piercing the corporate veil or establishing that
23     Rockstar is the "alter ego" of Apple; or (b) proving
       that any "continuing obligation" Rockstar is alleged to
24     owe Apple (or another forum resident) relates to
       enforcing the patents-in-suit in the Northern District
25     of California, not other forums.

26 Docket No. 66 at 6.

27

28

2

United States District Court
For the Northern District of California

LEGAL STANDARDS

Under 28 U.S.C. § 1292(b), the Court may certify an otherwise non-final order if: (1) it involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may "materially advance the ultimate termination of the litigation."  The party seeking interlocutory review bears the burden of showing that all of these factors are met.  Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

Certification under § 1292(b) "is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."  Mendez v. R+L Carriers, Inc., 2013 WL 1004293, at *1 (N.D. Cal.) (quoting James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002)).  The moving party bears the burden of establishing "exceptional circumstances justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).  The district court has discretion to determine whether an interlocutory appeal would advance or delay the resolution of the litigation.  See Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 47 (1995).

DISCUSSION

Defendants argue that the Court's Order involves a controlling question of jurisdictional law as to which there is a

3

**United States District Court**
For the Northern District of California

1  substantial ground of difference of opinion.  As described

2  previously, Defendants argue that the Court erred in finding them

3  subject to personal jurisdiction in this district due to their

4  continuing obligations to Apple, even though the Court did not

5  (1) pierce the corporate veil between Rockstar and Apple, such as

6  by finding that Rockstar is the alter ego of Apple, and (2) find

7  that the continuing obligation relates to enforcement of the

8  patents-in-suit in this forum.

9

10       Federal Circuit precedent is clear on both points.  As

11  explained in this Court's order, Defendants misunderstand both

12  Google's theory of jurisdiction as well as Federal Circuit

13  precedent.  Order at 17 n.6.  Google did not argue that Rockstar

14  was Apple's alter ego, nor was it required to do so in order to

15  establish jurisdiction.  Rather, Google argued that Rockstar

16  entered into a relationship with Apple, exceeding the kind

17  existing between a company and its passive stakeholder, which

18  obliged Rockstar to marshal the patents-in-suit against Google and

19  its Android platform.  To support this allegation, Google

20

21  presented articles stating that the CEO of Rockstar, John Veschi,

22  maintains frequent contact with the intellectual property

23  departments of its investors such as Google; the fact that Apple

24  appeared to be a majority shareholder based on the size of its

25  investment; Apple's history of expressing an intention to

26  interfere with Google's business; and the suspicious circumstances

27

28  of Defendants specifically suing Google's customers, but not

4

United States District Court
For the Northern District of California

1   Google, based on their use of the Android platform, which is

2   consistent with motivations arising from the historical Google-

3   Apple rivalry.  Defendants had the opportunity to present their

4   own contrary evidence, but chose not to challenge the factual

5   allegations and evidence underlying Google's arguments.  For the

6   most part, Defendants instead maintained that there was "no reason

7   to entertain futile jurisdictional discovery."  Defendants' Reply

8   to Motion to Dismiss at 12.  Defendants said the same at the

9   hearing.  The Court accordingly accepted Google's evidence and

10  allegations and found that Defendants indeed entered into an

11  undertaking with Apple that obliged Defendants to enforce the

12  patents-in-suit against Google, its cross-town rival, in a way

13  that interfered with Google's business.

14       Defendants state that their Motion for Interlocutory Review

15  "accept[s] Google's pleaded allegations that the Court's factual

16  findings rest on as true."  Defendants' Motion for Interlocutory

17  Review at 2.  Yet Defendants elsewhere attempt indirectly to

18  challenge the Court's factual findings.  See id. at 2 n.2 ("Google

19  asserted that Apple is Rockstar's 'majority shareholder,' but that

20  assertion is incorrect."); Defendants' Reply to Motion for

21  Interlocutory Review at 6 ("As explained in Defendants' Motion

22  [for Interlocutory Review], Defendants do not owe any enforcement

23  obligation to Apple, or any other limited partner, in any forum").

24  If Defendants now wish to challenge the Court's decision on a

25  factual basis, then they must follow the protocol for moving for

5

reconsideration and explain why they did not previously present

certain material facts in their argument.  See Civ. L.R. 7-9(b)

("the moving party must specifically show reasonable diligence in

bringing the motion," along with the "emergence of new material

facts").  Otherwise, Defendants have waived those factual

arguments and cannot present them now.  See Ins. Corp. of Ireland,

Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982)

("the requirement of personal jurisdiction may be intentionally

waived, or for various reasons a defendant may be estopped from

raising the issue").[1]

        The uncontroverted facts presented by Google and recognized

by the Court are sufficient to find specific jurisdiction over

Defendants under established Federal Circuit case law.  While

infringement letters are "purposefully directed at the forum and

the declaratory judgment action 'arises out of' the letters," the

Federal Circuit additionally requires, in the interests of fair

play and justice, that the defendant have engaged in "'other

activities' directed at the forum and related to the cause of

action."  Avocent Huntsville Corp. v. Aten Int'l Co., Ltd., 552

F.3d 1324, 1333 (2008) (emphasis omitted).  "Examples of those

'other activities' include initiating judicial or extra-judicial

patent enforcement within the forum, or entering into an exclusive

---

[1] In any event, the Court's decision regarding jurisdiction
did not depend solely on the facts that Defendants challenge now,
such as the size of Apple's stake in Rockstar.  See Order at 18.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  license agreement or other undertaking which imposes enforcement

2  obligations with a party residing or regularly doing business in

3  the forum."  Id. at 1334.[2]

4      Because Google successfully demonstrated that Defendants

5  entered into an "undertaking which imposes enforcement obligations

6  with a party residing or regularly doing business in the forum"

7  (Apple), Google did not need to prove further that Defendants

8  engaged in "judicial or extra-judicial patent enforcement within

9  the forum."  Finding that the defendant engaged in enforcement

10 activities inside the forum is an alternative ground for

11 exercising jurisdiction, not the exclusive one.  See Avocent

12

13 Huntsville Corp., 552 F.3d at 1334 (describing two grounds for

14 finding the exercise of jurisdiction would be fair and just:

15 "initiating judicial or extra-judicial patent enforcement within

16

17      [2] See also Campbell Pet Co. v. Miale, 542 F.3d 879, 886 (Fed.
   Cir. 2008) (finding jurisdiction over a patentee who conducted
18 extra-judicial patent enforcement by enlisting a third party in
   the forum to remove defendant's products from a trade show);
19 Genetic Implant Sys., Inc. v. Core-Vent Corp., 123 F.3d 1455, 1458
   (Fed. Cir. 1997) (holding that specific jurisdiction existed over
20 patentee because it had appointed an in-state distributor to sell
   a product covered by the asserted patent, which was a business
21 relationship "analogous to a grant of a patent license" and
   created obligations to sue third-party infringers); Akro Corp. v.
22 Luker, 45 F.3d 1541, 1548-49 (Fed. Cir. 1995) (because defendant
   had entered into an exclusive licensing agreement with one of the
23 alleged infringer's competitors, which meant that defendant had
   "obligations . . . to defend and pursue any infringement" of the
24 patent, specific jurisdiction was proper); SRAM Corp. v. Sunrace
   Roots Enter. Co., Ltd., 390 F. Supp. 2d 781, 787 (N.D. Ill. 2005)
25 (specific jurisdiction was proper where defendant had
   "purposefully directed its activities" at residents of the forum
26 by marketing a product that directly competed with the alleged
   infringer).
27

28

the forum, or entering into an exclusive license agreement or

other undertaking which imposes enforcement obligations with a

party residing or regularly doing business in the forum");

Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1020

(Fed. Cir. 2009) (explaining that "enforcement efforts in the

forum" can create specific jurisdiction, as opposed to an

obligation with a forum resident).  Defendants' Texas suit against

Google's customers merely serves as supporting evidence for the

inference that Defendants undertook an obligation to Apple to

disrupt Google's business.  It is the relationship to a forum

resident itself,[3] which allegedly obliged Defendants to take

actions expressly aimed at causing harm to another forum resident,

that connects the case to this district.  See Avocent Huntsville

Corp., 552 F.3d at 1331 ("The Supreme Court has also instructed

that personal jurisdiction may be proper because of a defendant's

intentional conduct in another State calculated to cause injury to

the plaintiff in the forum State.") (quoting Calder v. Jones, 465

---

[3] See Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.,
444 F.3d 1356, 1365 (Fed. Cir. 2006) (explaining that "the
plaintiff need not be the forum resident toward whom any, much
less all, of the defendant's relevant activities were purposefully
directed.").

8

U.S. 783, 791 (1984)) (internal brackets and quotation marks omitted).[4]

Because case law is settled on both of Defendants' points, Defendants have not established that the Court's order involves a controlling question of law upon which there is substantial ground for difference of opinion.

Further, immediate appeal of the order will not materially advance the ultimate termination of the litigation.  While Defendants are correct that personal jurisdiction is essential to the Court's authority, not every jurisdictional question over which the parties disagree must be certified for interlocutory review.  See Things Remembered v. Petrarca, 516 U.S. 124, 132 n.1 (1995) (Ginsburg, J., concurring).  Defendants contend that review will materially advance the litigation because jurisdiction is case-dispositive, but this argument is unpersuasive because it can be made any time a case-dispositive motion is denied, which is not

---

[4] See Calder, 465 U.S. at 789 (finding jurisdiction over defendants because "their intentional, and allegedly tortious, actions were expressly aimed at California"); 4 Charles A. Wright, et al., Federal Practice and Procedure § 1067.1 (3d ed. Westlaw 2014) ("Thus, the 'effects test' continues to have viability, but only when the defendant's conduct both has an effect in the forum state and was directed at the forum state by the defendant"); Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1204 (Fed. Cir. 2003) (finding jurisdiction over Texas corporate defendant because its activities enforcing a Texas injunction "were all 'expressly aimed' at the Iowa corporate plaintiff," and defendant "knew the activities would have the potentially devastating effects of inhibiting [the Iowa corporate plaintiff] from producing the MAXLE and its customers from buying it") (internal brackets omitted).

**United States District Court**
For the Northern District of California

1  in of itself extraordinary.  <u>Getz v. Boeing Co.</u>, 2009 WL 3765506,

2  at \*2 (N.D. Cal.).  If the appeal were to fail, the Court of

3  Appeal would be "burdened with a second appeal" involving issues

4  that could have been considered together.  <u>Id.</u> at \*2.  Moreover,

5  regardless of the outcome of the appeal, the parties would

6  continue to litigate this action, albeit in a different forum,

7  without the benefit of any simplification of the issues or

8  narrowing of the scope of discovery.  <u>Fed. Hous. Fin. Agency v.</u>

9  <u>UBS Americas, Inc.</u> 858 F. Supp. 2d 306, 338 (S.D.N.Y. 2012).

10  Because Defendants have failed to show that an immediate appeal

11  would be likely materially to advance or narrow the proceedings at

12  hand, there is no reason to certify Defendants' proposed question

13  for interlocutory review.

14

15       IT IS SO ORDERED.

16

17  Dated: 8/20/2014                    CLAUDIA WILKEN

18                                      United States District Judge

10