QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Cal. Bar No. 170151)
  Sean Pak (Cal. Bar No. 219032)
  David Eiseman (Cal. Bar No. 114758)
  Kristin J. Madigan (Cal. Bar No. 233436)
  quinn-google-n.d.cal.-13-05933@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600
(415) 875-6700 facsimile

  Victoria F. Maroulis (Cal. Bar No. 202603)
  quinn-google-n.d.cal.-13-05933@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
(650) 801-5000
(650) 801-5100 facsimile

  Patrick D. Curran (Cal. Bar No. 241630)
  quinn-google-n.d.cal.-13-05933@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
(212) 849-7100 facsimile

Attorneys for Plaintiff GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GOOGLE INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>ROCKSTAR CONSORTIUM US LP and MOBILESTAR TECHNOLOGIES LLC,<br><br>  Defendants. | CASE NO. 13-cv-5933-CW<br><br>**GOOGLE'S NOTICE OF UNOPPOSED MOTION AND MOTION FOR ISSUANCE OF LETTER ROGATORY TO THE SUPERIOR COURT OF JUSTICE OF ONTARIO, CANADA FOR NORTEL NETWORKS CORPORATION, JEAN-PIERRE FORTIN, ANGELA DE WILTON, JASPREET HARIT, YEE-NING CHAN, BRIAN FINLAY BEATON, BRUCE DALE STALKIE, MITCH A. BRISEBOIS, LAURA A. MAHAN, PAUL MICHAEL BRENNAN, BRIAN CRUICKSHANK, AND JOHN ERIC LUMSDEN**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 2<br>Judge:  Honorable Claudia Wilken |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ............................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 2

RELEVANT BACKGROUND........................................................................................... 3

RELEVANT PROCEDURAL BACKGROUND ............................................................... 4

ARGUMENT ...................................................................................................................... 5

I.   LETTERS ROGATORY ARE THE PROPER METHOD FOR A U.S. COURT TO SEEK DISCOVERY IN A FOREIGN JURISDICTION. .................................................... 5

II.  LETTERS ROGATORY ARE APPROPRIATE UNDER CANADIAN LAW. ................. 6

III. GOOGLE SEEKS RELEVANT DISCOVERY THROUGH THE PROPOSED LETTERS ROGATORY........................................................................................... 7

CONCLUSION ................................................................................................................. 13

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Allergan, Inc. v. Apotex Inc.*,
  Nos. 2013-1245-49, 2014 WL 2579287 (Fed. Cir. June 10, 2014) ....................................... 9, 10

*Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*,
  No. 04-5385, 2007 WL 1815472 (N.D. Cal. June 20, 2007) ........................................................ 6

*Barnes & Noble, Inc. v. LSI Corp.*,
  No. 11-2709, 2012 WL 1808849 (N.D. Cal. May 17, 2012) ....................................................... 5

*DBMS Consultants Ltd. v. Comp. Assocs. Int'l, Inc.*,
  131 F.R.D. 367 (D. Mass. 1990) ................................................................................................. 5

*Georgia Pac. Corp. v. U.S. Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) ....................................................................................... 9, 10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) .................................................................................................................... 5

*Netherby Ltd. v. Jones Apparel Grp. Inc.*,
  No. 04-7028, 2005 WL 1214345 (S.D.N.Y. May 18, 2005) ........................................................ 6

*In re Nortel Networks Inc., et al.*,
  No. 09-10138-KG, Docket No. 13553 (Bankr. D. Del. May 12, 2014) .................................. 3, 7

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) ................................................................................................. 11

*U.S. v. Walus*,
  616 F.2d 283 (7th Cir. 1980) ....................................................................................................... 6

*U.S. v. Wedding*,
  No. 08-2386, 2009 WL 1329146 (S.D. Cal. May 13, 2009) ....................................................... 5

*Woodland Trust v. Flowertree Nursery, Inc.*,
  148 F.3d 1368 (Fed. Cir. 1998) ................................................................................................. 11

**Statutes**

35 U.S.C. § 101 ................................................................................................................................. 7

35 U.S.C. § 102 ..................................................................................................................... 7, 10, 11

35 U.S.C. § 103 .................................................................................................................. 7, 9, 10, 11

35 U.S.C. § 112 ................................................................................................................................. 7

35 U.S.C. § 287 ................................................................................................................................. 7

All Writs Act, 28 U.S.C. §§1651, 1781 .................................................................................................5

Federal Rule of Civil Procedure 26 .......................................................................................................5

**Miscellaneous**

8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus,
    *Federal Practice & Procedure* § 2083 (3d ed. 2007) .......................................................5

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be determined by the Court, before the Honorable Chief District Judge Claudia Wilken in Courtroom 2, Fourth Floor, United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, California, Plaintiff Google Inc. ("Google") shall and hereby does move the Court for an order to issue the accompanying Letter Rogatory to the Superior Court of Justice of Ontario, Canada seeking information from Nortel Networks Corporation ("Nortel"), Jean-Pierre Fortin, Angela De Wilton, Jaspreet Harit, Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, Laura A. Mahan, Paul Michael Brennan, Brian Cruickshank, and John Eric Lumsden, which requests documents and depositions relevant to various issues in this litigation. Defendants Rockstar Consortium US LP and MobileStar Technologies LLC (collectively "Rockstar") do not oppose Google's motion.

Google moves based on this notice of motion and supporting memorandum of points and authorities, the concurrently filed Declaration of Kristin J. Madigan, and such other written or oral argument as Google may present to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Google Inc. ("Google") requests that the Court issue the accompanying Letter Rogatory to the Superior Court of Justice of Ontario, Canada seeking information from Nortel Networks Corporation ("Nortel"), Jean-Pierre Fortin, Angela De Wilton, Jaspreet Harit, Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, Laura A. Mahan, Paul Michael Brennan, Brian Cruickshank, and John Eric Lumsden, which requests documents and depositions relevant to various issues in this litigation. Defendants Rockstar Consortium US LP and MobileStar Technologies LLC (collectively "Rockstar") do not oppose Google's motion.

The issuance of this Letter Rogatory is necessary because the requested information is highly relevant to damages, Google's claims that the patents-in-suit are not infringed, and Google's defenses that the patents-in-suit are invalid and unenforceable, and because Google cannot obtain the information by any other means. Nortel is the original assignee of two of the seven patents-in-suit, and the parent or successor corporation of the original assignees of the other five patents-in-suit. Nortel was also involved in the 2011 auction of its patent portfolio, including the patents-in-suit. Jean-Pierre Fortin, Angela De Wilton, and Jaspreet Harit are former employees of Nortel and have relevant information regarding the prosecution of the patents-in-suit. Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, and Laura A. Mahan are all former employees of Nortel, and named inventors on the patents-in-suit. Paul Michael Brennan, Brian Cruickshank, and John Eric Lumsden are also former employees of Nortel, and named inventors on prior art asserted in Google's invalidity contentions. In addition to their role as named inventors on the patents-in-suit, Mitch A. Brisebois and Laura A. Mahan are also named inventors on prior art asserted in Google's invalidity contentions. Each of these entities and individuals possess unique information relevant to Google's claims, Rockstar's counterclaims, Google's defenses, and damages. Google plans to proceed with discovery in a non-duplicative manner in order to minimize any burden on foreign third parties, for example by deposing the first-named inventor of a patent before deposing the remaining named inventors. Thus, Google respectfully requests that the Court grant this motion and issue the Letter Rogatory.

**Relevant Background**

Nortel's facilities in Canada were the "primary centre for R&D" before Nortel declared bankruptcy in 2009. *In re Nortel Networks Inc., et al.*, No. 09-10138-KG, Docket No. 13553 ¶ 30 (Bankr. D. Del. May 12, 2014). U.S. Patent Nos. 5,838,551, 6,333,973, 6,037,937, 6,128,298, 6,463,131, 6,765,591, and 6,937,572 (the "patents-in-suit") were assigned to Nortel, Nortel Networks Ltd., and Northern Telecom Ltd. (Docket. No. 1 Exs. 1-7.) They were later acquired by Rockstar through an auction of Nortel's intellectual property assets that took place in 2011. (Docket. No. 1 ¶ 13-14; 28; 33; 39; 45; 51; 57; 63.) In June 2011, Apple, Microsoft, and four other technology companies backed Rockstar's predecessor company, Rockstar Bidco, LP. (Docket No. 31-15; *In re Nortel Networks Inc.*, No. 09-10138-KG, Docket No. 13553 ¶ 69 (Bankr. D. Del. May 12, 2014). In July 2011, Rockstar Bidco participated in an auction conducted by Nortel for a patent portfolio that comprised over 6,000 patents, including the patents-in-suit. (Docket No. 31-6 ¶ 9.) Rockstar Bidco won the auction and subsequently transferred the patents to Rockstar. (Docket. No. 1 ¶ 13-14; 28; 33; 39; 45; 51; 57; 63.)

On October 31, 2013, Rockstar filed infringement actions in the Eastern District of Texas (the "Texas actions") against ASUS, HTC, Huawei, LG, Pantech, Samsung, and ZTE (the "OEM Defendants")—but not Google.[1] In the Texas actions, Rockstar alleged infringement of the patents-in-suit, but limited its infringement allegations to "certain mobile communication devices having a version (or an adaption thereof) of [the] Android operating system" developed by Google. (*See* Docket 20-3 ¶ 14; 20-4 ¶ 15; 20-5 ¶ 20; 20-6 ¶ 16; 20-7 ¶ 14; 20-8 ¶ 16; 20-9 ¶ 15; 20-10 ¶¶ 25, 27.) Six of the seven asserted patents are software patents, which Rockstar asserts against seven diverse functionalities on the Android platform. Rockstar accuses Android's "Mobile Hotspot functionality" of infringing the '298 patent; Android's "VPN management

---

[1] *Rockstar Consortium US LP v. ASUSTeK Computer, Inc.*, No. 13-0894; *Rockstar Consortium US LP v. HTC Corp.*, No. 13-0895; *Rockstar Consortium US LP v. Huawei Investment & Holding Co.*, No. 13-0896; *Rockstar Consortium US LP v. LG Electronics Inc.*, No. 13-0898; *Rockstar Consortium US LP v. Pantech Co.*, No. 13-0899; *Rockstar Consortium US LP v. Samsung Electronics Co.*, No. 13-0900; and *Rockstar Consortium US LP v. ZTE Corp.*, No. 13-0901.

functionality" of infringing the '591 patent; Android's "Messaging and Notification functionality" of infringing the '131 patent; Android's "integrated notification message center" of infringing the '973 patent; Android's "Location Services functionality" of infringing the '572 patent; and Android's "navigable graphical user interface ('navigable GUI') that permits a user to manipulate and control the contents of the display to maximize the use of display real estate" of infringing the '937 patent. (Docket No. 1 ¶ 20.) The seventh patent, U.S. Patent No. 5,838,551, is a hardware patent. (*Id.* ¶ 21.) Rockstar accuses Android devices "includ[ing] at least one electronic package comprising a component that is located between an EMI shield and a ground member for performing shielding operations" where "[t]he EMI shield is incorporated into the electronic package, which is then mounted to a circuit board" of infringing the '551 patent. (*Id.*) For every one of its software patents, and even for its sole hardware patent, Rockstar limits its infringement assertions to devices running Google's Android operating system. *E.g.*, *Rockstar Consortium US LP v. ZTE Corp.*, No. 13-0901 (Docket No. 17 ¶¶ 15-16).

On December 23, 2013, Google filed this action (the "California action") seeking a declaration that Google does not infringe the patents-in-suit. (Docket No. 1.) In response to Google's allegations of non-infringement in the California action, Rockstar filed counterclaims, including infringement of the patents-in-suit. (Docket No. 61.) In response to Rockstar's counterclaims, Google raised the defenses of invalidity and unenforceability. (Docket No. 73.) After Google filed the California action, Rockstar added Google as a defendant in one of the Texas actions. *Rockstar Consortium US LP v. Samsung Electronics Co., Ltd., et al., and Google Inc.*, Case No. 13-900, Docket No. 19 (E.D. Tex. Dec. 31, 2013).

**Relevant Procedural Background**

On June 26, 2014, this Court entered a Case Management Order. (Docket No. 88.) Under the Case Management Order, the deadline to complete fact discovery is January 23, 2015, and trial is scheduled for September 14, 2015. (*Id.*) Google served a subpoena for the production of documents on Nortel Networks, Inc., Nortel's American subsidiary, on July 17, 2014. (Declaration of Kristin J. Madigan in support of Google's Motion for Issuance of Letters Rogatory ("Madigan Decl.") ¶ 23.) Google served subpoenas for documents on the named inventors of the

patents-in-suit who reside in the United States and who are represented by Rockstar's counsel on July 19, 2014, and July 24, 2014. (*Id.* ¶ 24.) Google also served subpoenas for documents and depositions to various prior artists to the patents-in-suit. (*Id.* ¶ 25.)

### **Argument**

### I. **LETTERS ROGATORY ARE THE PROPER METHOD FOR A U.S. COURT TO SEEK DISCOVERY IN A FOREIGN JURISDICTION.**

A letter rogatory is a formal written request sent by a court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting court. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness."); *Barnes & Noble, Inc. v. LSI Corp.*, No. 11-2709, 2012 WL 1808849, at *1-*2 (N.D. Cal. May 17, 2012) (granting motion for issuance of letters rogatory seeking discovery from an entity in Taiwan); 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure* § 2083 (3d ed. 2007). The decision to issue such a letter is within the Court's discretion, *U.S. v. Wedding*, No. 08-2386, 2009 WL 1329146, at *1 (S.D. Cal. May 13, 2009), and the proper inquiry for issuance is whether the discovery sought complies with the liberal standard of Federal Rule of Civil Procedure 26. *DBMS Consultants Ltd. v. Comp. Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); *see also Barnes & Noble*, No. 11-2709, 2012 WL 1808849, at *2 ("A court's decision whether to issue a letter rogatory [compelling deposition testimony] . . . require[s] an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure.").

Here, Google's use of a letter rogatory is the appropriate and sanctioned method of obtaining discovery from Canadian residents and entities.[2] Where a document custodian is located

---

[2] *See* Federal Rule of Civil Procedure 4(f)(2)(B); Federal Rule of Civil Procedure 28(b)(1)(B); the All Writs Act, 28 U.S.C. §§1651, 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); Vienna
   (footnote continued)

1  in a nation, like Canada, that is not a signatory to the Hague Convention on the Taking of

2  Evidence Abroad in Civil or Commercial Matters,[3] letters rogatory are particularly appropriate.

3  *See, e.g.*, *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. 04-5385, 2007 WL

4  1815472, at *1 (N.D. Cal. June 20, 2007) ("[T]he Taiwanese lawyers were residents of a foreign

5  nation that is not a signatory to the Hague Convention.  Therefore, the appropriate method for

6  requiring their appearance is the letter rogatory."); *Netherby Ltd. v. Jones Apparel Grp. Inc.*, No.

7  04-7028, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (acknowledging that under Rule

8  28(b) of the Federal Rules of Civil Procedure, U.S. courts may issue letters rogatory for the

9  purpose of taking discovery from Canada-based entities and granting motion for letters rogatory);

10 *see also U.S. v. Walus*, 616 F.2d 283, 304 (7th Cir. 1980) (district court should have granted

11 request by defendant for use of letter rogatory to obtain evidence located abroad that was relevant

12 to defendant's case).

13 **II.    LETTERS ROGATORY ARE APPROPRIATE UNDER CANADIAN LAW.**

14        Google's request complies with Canadian law.  The Canada Evidence Act specifically

15 provides that a court outside of Canada may serve letters rogatory upon a Canadian court.

16 R.S.C.1985, c. C-5 §§ 46, 51.  Judicial assistance between the United States and Canada is also

17 governed by Article 5 of the Vienna Convention on Consular Relations, dated April 24, 1963

18 ("Vienna Convention"), which provides that a letter rogatory is an appropriate method for

19 requesting evidence located in a foreign state.  Vienna Convention, art. 5(j); 21 U.S.T. 77; 596

20 U.N.T.S. 261; and T.I.A.S. 6820.  Pursuant to these authorities, once a letter rogatory is sent by

21 the State Department to the Appropriate Judicial Authority of Canada, the Judicial Authority of

---

23 Convention on Consular Relations, art. 5(j), Apr. 24, 1963; 21 U.S.T. 77; 596 U.N.T.S. 261; and
   T.I.A.S. No. 6820.
24     [3] *See, e.g.*, U.S. Department of State, http://travel.state.gov/content/travel/english/legal-
   considerations/judicial/country/canada.html (noting that Canada is not a party to the Hague
25 Convention on the Taking of Evidence Abroad in Civil or Commercial Matters) (last visited
   September 18, 2014); Hague Convention,
26 http://www.hcch.net/index_en.php?act=states.details&sid=28 (listing Conventions Canada has
27 ratified; "Taking of Evidence Abroad in Civil or Commercial Matters" not listed) (last visited
   September 18, 2014).
28

Canada has the power to transmit the letter to the relevant Canadian residents and entities.  *Id.*; R.S.C.1985, c. C-5 §§ 46, 51.

### III. GOOGLE SEEKS RELEVANT DISCOVERY THROUGH THE PROPOSED LETTERS ROGATORY.

As the proposed Letter Rogatory attached hereto as Exhibit A demonstrates, the discovery requested from Nortel, Jean-Pierre Fortin, Angela De Wilton, Jaspreet Harit, Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, Laura A. Mahan, Paul Michael Brennan, Brian Cruickshank, and John Eric Lumsden is relevant to the claims and defenses in this litigation.

**Nortel Networks Corporation.**  Nortel's Canadian facilities were the "primary centre for R&D" before Nortel declared bankruptcy in 2009.  *In re Nortel Networks Inc.*, No. 09-10138, Docket No. 13553, ¶ 30 (Bankr. D. Del. May 12, 2014).  Nortel is either the prior assignee of the patents-in-suit, or the parent or successor corporation of the assignee of the patents-in-suit, and was the employer of the named inventors, as well as some of the attorneys who prosecuted the patents-in-suit.  (*See supra* at 3.)  The proposed Letter Rogatory seeks information from Nortel regarding the patents-in-suit (Schedule A Request No. 1; Schedule B Request No. 1); the conception and reduction to practice of the patents-in-suit (Schedule A Request Nos. 11-12; Schedule B Request No. 8); the prosecution of the patents-in-suit (Schedule A Request Nos. 14-15; Schedule B Request Nos. 10-11); and efforts to develop products or services embodying the asserted claims of the patents-in-suit (Schedule A Request Nos. 6-9, 21-22; Schedule B Request Nos. 5-6, 15).  As the employer of the named inventors and prosecuting attorneys, Nortel is likely to have information regarding these issues.  This information is relevant to the parties' claims and defenses.  *See, e.g.*, 35 U.S.C. §§ 101, 102, 103, 112, 287.  Although Rockstar has produced some documents relating to conception and reduction to practice, Google is seeking unique documents on this issue that likely remain in the possession, custody, or control of Nortel.

The proposed Letter Rogatory also seeks information from Nortel regarding prior art to the patents-in-suit, including prior art of which Nortel was aware before the alleged conception of the patents-in-suit.  For example, the Letter Rogatory seeks information regarding U.S. Patent Nos.

5,987,100; 6,333,973; 6,084,951; 6,310,944; 6,853,713; 6,888,927; and 5,796,170; and Nortel Companion (Schedule A Request Nos. 24-33; Schedule B Request Nos. 14, 17), which is prior art that Google contends invalidates many of the asserted claims. (Madigan Decl. Ex. 12 at 3, 31-32, 48-49.) U.S. Patent Nos. 5,987,100; 6,333,973; 6,084,951; 6,310,944; 6,853,713; 6,888,927; and 5,796,170 were all assigned to either Nortel, Nortel Networks Ltd., or Northern Telecolm Ltd. (Madigan Decl. Exs. 5, 13-18.) Meridian Mail, VISIT Messenger, Nortel Companion, Bay Area Optivity Configurator 2.0, and New Oaks Communications Extranet Switches are all products that Nortel developed in the same subject matter areas as the patents-in-suit. Thus, Nortel has unique information regarding the development and use of prior art patents and systems that Google contends invalidate the asserted claims.

The proposed Letter Rogatory further seeks information regarding Nortel's evaluation of any potential infringement of the patents-in-suit by Google or others, and any efforts to curb such alleged infringement (Schedule A Request Nos. 2, 17-20; Schedule B Request Nos. 12-13). This too is information that is unique to Nortel as the previous assignee of the patents-in-suit. Nortel's interpretation of the scope of the claims for purposes of infringement is relevant to claim construction, and any efforts by Nortel to enforce the patents-in-suit by licensing them are relevant to damages. Again, although Rockstar may also have information responsive to these issues Google is seeking from Nortel information regarding *Nortel's* evaluation of potential infringement and licensing.

The proposed Letter Rogatory also seeks information from Nortel regarding the value of the patents-in-suit based on any efforts to sell, license, or otherwise monetize the patents-in-suit and from any analyses or evaluations conducted in connection with such efforts (Schedule A Request Nos. 4, 16). It also seeks information regarding non-infringing alternatives and evidence of secondary considerations of non-obviousness of the patents-in-suit, such as commercial success (Schedule A Request Nos. 10, 13; Schedule B Request Nos. 7, 9). As the prior assignee of the patents-in-suit (including through related corporate entities) Nortel has unique information regarding its valuation of the patents-in-suit, and its efforts (if any) to license or sell them. Nortel also has unique information regarding whether the patents-in-suit were a commercial success to

Nortel or achieved acclaim or awards, or if there is any other evidence of secondary considerations of non-obviousness.  This information is relevant to Google's defense of invalidity (*see* 35 U.S.C. § 103; *Allergan, Inc. v. Apotex Inc.*, Nos. 2013-1245-49, 2014 WL 2579287, at *7 (Fed. Cir. June 10, 2014)) and the determination of patent damages (*Georgia Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)).  Although Rockstar may also have information responsive to these issues, Google seeks unique information from Nortel.  Google is seeking discovery regarding *Nortel's* valuation of the patents-in-suit, and efforts to sell, license, or otherwise monetize them.  Google is further seeking information within Nortel's possession, custody, or control regarding secondary considerations of non-obviousness, which is not duplicative of any such evidence that Rockstar may have.

Finally, the proposed Letter Rogatory also seeks information from Nortel regarding the 2011 auction for Nortel's intellectual property assets, which includes the patents-in-suit (Schedule A Request Nos. 3, 5, 34-35; Schedule B Request Nos. 2-4).  Rockstar insists that the 2011 auction is relevant, having cited to it in both its answer in the California action, and its amended complaint adding Google in the Texas action.  (Docket No. 61, ¶ 8; *Rockstar Consortium US LP v. Samsung Electronics Co., Ltd., et al., and Google Inc.*, Case No. 13-900, Docket No. 19 ¶ 11 (E.D. Tex. December 31, 2013).)  Information regarding the 2011 auction and the valuation of the patents-in-suit may be relevant to the determination of patent damages in the form of a reasonable royalty rate or lost profits award if the patents-in-suit are found valid, infringed, and enforceable.[4]  As the entity whose intellectual property was auctioned off in the 2011 auction, Nortel has unique, relevant information regarding its role in the auction, and its valuation of the auctioned intellectual property assets including the patents-in-suit before and during the auction.

**Jean-Pierre Fortin, Angela De Wilton, and Jaspreet Harit.**  Jean-Pierre Fortin, Angela De Wilton, and Jaspreet Harit are former Nortel employees and the in-house attorneys who prosecuted the patent applications that issued as the '551, '937 and '591 patents.  (Madigan Decl.

---

[4]  Rockstar has not yet disclosed to Google whether it is seeking damages in the form of a reasonable royalty, lost profits, or both.

Ex. 19 at 4-7.)  Accordingly, Jean-Pierre Fortin, Angela De Wilton, and Jaspreet Harit have information regarding analyses and evaluations of the validity and enforceability of the '551, '937 and '591 patents.  The proposed Letter Rogatory to the Superior Court of Justice of Ontario for Jean-Pierre Fortin, Angela De Wilton, and Jaspreet Harit seeks information regarding the patents-in-suit (Schedules C, E, G Request Nos. 1, 1(b), 1(c), 2; Schedules D, F, H Request No. 1); the conception, reduction to practice, and priority date of the patents-in-suit (Schedules C, E, G Request No. 1(a); Schedules D, F, H Request No. 1); prior art to the patents-in-suit (Schedules C, E, G Request Nos. 1(e), 2(a), 2(c), 2(d); Schedules D, F, H Request No. 2), and the prosecution of the patents-in-suit (Schedules C, E, G Request Nos. 1(d), 1(f), 1(g), 2(b); Schedules D, F, H Request No. 1).  As the prosecuting attorneys of the patents-in-suit, Jean-Pierre Fortin, Angela De Wilton, and Jaspreet Harit are likely to have information regarding these issues, which is relevant to the parties' claims and defenses.  *See, e.g.*, 35 U.S.C. §§ 102 and 103.

The proposed Letter Rogatory further seeks information regarding Jean-Pierre Fortin, Angela De Wilton, and Jaspreet Harit's evaluations of any potential infringement of the patents-in-suit by Google (Schedules C, E, G Request No. 4; Schedules D, F, H Request No. 4).  The prosecuting attorneys' interpretation of the scope of the claims for purposes of infringement is relevant to claim construction, and any analysis regarding enforcement of the patents-in-suit by the prosecuting attorneys is relevant to damages.  The proposed Letter Rogatory also seeks information regarding evidence of secondary considerations of non-obviousness of the patents-in-suit, such as commercial success (Schedules C, E, G Request Nos. 3; Schedules D, F, H Request No. 3).  This information is relevant to Google's defense of invalidity (*see* 35 U.S.C. § 103; *Allergan, Inc. v. Apotex Inc.*, Nos. 2013-1245-49, 2014 WL 2579287, at *7 (Fed. Cir. June 10, 2014)) and the determination of patent damages (*Georgia Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)).

Google does not seek information from Jean-Pierre Fortin, Angela De Wilton, and Jaspreet Harit that is duplicative of documents produced by Rockstar, or the prosecuting attorneys in the United States (to the extent they produce documents responsive to Google's issued subpoenas).

Rather, Google seeks documents and information that is uniquely in the possession, custody, or control, of Jean-Pierre Fortin, Angela De Wilton, and Jaspreet Harit.[5]

**Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, and Laura A. Mahan.** Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, and Laura A. Mahan are former Nortel employees and the named inventors on the patents-in-suit. In its Rule 26(f) disclosures, Rockstar identified these individuals as people who "may have knowledge regarding the conception and reduction to practice" of the claimed inventions. (Madigan Decl. Ex. 19 at 4-6.) The proposed Letter Rogatory to the Superior Court of Justice of Ontario for Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, and Laura A. Mahan seeks information regarding the patents-in-suit (Schedules I, K, M, O, Q Request Nos. 2, 2(a); Schedules J, L, N, P, R Request No. 2); their role as named inventors of the patents-in-suit (Schedules I, K, M, O, Q Request Nos. 1, 2(b); Schedules J, L, N, P, R Request No. 1); the conception and reduction to practice of the patents-in-suit (Schedules I, K, M, O, Q Request No. 2(c); Schedules J, L, N, P, R Request No. 2); prior art to the patents-in-suit (Schedules I, K, M, O, Q Request Nos. 3, 5; Schedules J, L, N, P, R Request Nos. 3, 5, 6); commercial embodiments of the patents-in-suit (Schedules I, K, M, O, Q Request No. 4; Schedules J, L, N, P, R Request No. 4); and the prosecution of the patents-in-suit (Schedules I, K, M, O, Q Request No. 2(d); Schedules J, L, N, P, R Request No. 2). As the named inventors of the patents-in-suit, Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, and Laura A. Mahan are likely to have information regarding these issues, which is relevant to the parties' claims and defenses. *See, e.g.*, 35 U.S.C. §§ 102 and 103; *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005); *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed. Cir. 1998).

The proposed Letter Rogatory further seeks information regarding Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, and Laura A. Mahan's evaluations of any

---

[5] Given the case schedule, Google cannot wait to seek a Letter Rogatory for Jean-Pierre Fortin, Angela De Wilton, and Jaspreet Harit until after Rockstar and the prosecuting attorneys in the United States complete their document production and Google has the opportunity to depose them.

potential infringement of the patents-in-suit (Schedules I, K, M, O, Q Request No. 2(e); Schedules J, L, N, P, R Request No. 2). The named inventors' interpretation of the scope of the claims for purposes of infringement is relevant to claim construction, and any analysis regarding enforcement of the patents-in-suit by the named inventors is relevant to damages.

Google does not seek information from Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, and Laura A. Mahan that is duplicative of documents produced by Rockstar, or the named inventors in the United States (to the extent they produce documents responsive to Google's issued subpoenas). Rather, Google seeks documents and information that is uniquely in the possession, custody, or control, of Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, and Laura A. Mahan.[6]

**Paul Michael Brennan, Brian Cruickshank, John Eric Lumsden, Mitch A. Brisebois, and Laura Mahan.** Paul Michael Brennan, Brian Cruickshank, and John Eric Lumsden are the three named inventors of U.S. Patent No. 6,888,927. (Madigan Decl. Ex. 17.) In addition to their role as named inventors on two of the patents-in-suit, Mitch A. Brisebois, and Laura Mahan are also named inventors on U.S. Patent No. 6,310,944. (Madigan Decl. Ex. 15.) Google has asserted both U.S. Patent No. 6,888,927 and U.S. Patent No. 6,310,944 as part of its invalidity contentions relating to the '572 patent. (Madigan Decl. Ex. 12 at 48-49.) These five individuals have information regarding the conception and reduction to practice of this prior art.

The proposed Letter Rogatory to the Superior Court of Justice of Ontario for Paul Michael Brennan, Brian Cruickshank, John Eric Lumsden, Mitch A. Brisebois, and Laura Mahan seeks information regarding U.S. Patent Nos. 6,888,927 and 6,310,944 (Schedules O, Q Request Nos. 6, 6(a)-(c), 6 (h)-(o), 6(p), 7; Schedules S, U, W Request Nos 1, 1(a)-(c), 1(h)-(n), 1(p), 2; Schedules P, R Request Nos. 7-8; Schedules T, V, X Request No. 1-2) and the priority dates of U.S. Patent Nos. 6,888,927 and 6,310,944 (Schedules O, Q Request Nos. 6(d)-(g), 6(q), 8-11, Schedules S, U,

---

[6] Given the case schedule, Google cannot wait to seek a Letter Rogatory for Yee-Ning Chan, Brian Finlay Beaton, Bruce Dale Stalkie, Mitch A. Brisebois, and Laura A. Mahan until after Rockstar and the named inventors in the United States complete their document production and Google has the opportunity to depose them.

1  W Request Nos 1(d)-(g), 1(o), 1(q), 3-6; Schedules P, R Request Nos. 9-12; Schedules T, V, X
2  Request No. 3-6).  As the named inventors of U.S. Patent Nos. 6,888,927 and 6,310,944, Paul
3  Michael Brennan, Brian Cruickshank, John Eric Lumsden, Mitch A. Brisebois, and Laura Mahan
4  are likely to have information regarding these issues, which is relevant to Google's invalidity
5  defenses.  Further, as former Nortel employees working on apparently similar subject matter, these
6  individuals may possess information regarding the '572 patent, including related commercial
7  products, development efforts, inventorship, and diligence in reduction to practice by Nortel.
8  Such information is also directly relevant to Google's invalidity defenses.

### Conclusion

For the foregoing reasons, Google respectfully requests that the Court approve, date, sign, and seal the proposed Letter Rogatory accompanying Google's Motion.  The documents and topics for deposition requested by Google are set forth in the proposed Letter Rogatory, which is attached as Exhibit A.  After the Court signs the Letter Rogatory, Google further requests that the clerk authenticate the Court's signature by affixing the Court's seal thereto, and that the Letter Rogatory be thereafter returned by the clerk to counsel for Google so that the Letter Rogatory may be promptly transmitted to the Appropriate Judicial Authority of Canada for execution.

DATED: September 29, 2014

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   */s Patrick D. Curran*
   Charles K. Verhoeven (Cal. Bar No. 170151)
   Sean Pak (Cal. Bar No. 219032)
   David Eiseman (Cal. Bar No. 114758)
   Kristin J. Madigan (Cal. Bar No. 233436)
   quinn-google-n.d.cal.-13-05933@quinnemanuel.com
   50 California Street, 22nd Floor
   San Francisco, California 94111
   (415) 875-6600
   (415) 875-6700 facsimile

   Victoria F. Maroulis (Cal. Bar No. 202603)
   quinn-google-n.d.cal.-13-05933@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
   (640) 801-5000
   (640) 801-5100 facsimile

   Patrick D. Curran (Cal. Bar No. 241630)
   quinn-google-n.d.cal.-13-05933@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
   New York, New York 10010
   (212) 849-7000
   (212) 849-7100 facsimile

   *Attorneys for Google Inc.*