1  (Counsel listed on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GOOGLE INC., | CASE NO. 13-cv-5933-CW |
| Plaintiff, | **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT UNDER PATENT LOCAL RULE 4-3** |
| v. | |
| ROCKSTAR CONSORTIUM US LP and MOBILESTAR TECHNOLOGIES LLC, | |
| Defendants. | |

Under Patent Local Rule 4-3 and the Court's Minute Order and Case Management Order, Plaintiff Google Inc. ("Google") and Defendants Rockstar Consortium US LP and MobileStar Technologies LLC ("Rockstar") hereby submit this Joint Claim Construction and Prehearing Statement.

## I. CONSTRUCTION OF THOSE CLAIM TERMS, PHRASES, OR CLAUSES ON WHICH THE PARTIES AGREE

The Parties agree to the construction of the following terms:

| Term | Claims | Agreed Construction |
|---|---|---|
| "integrated circuit component" | '551 Patent, claims 2-3 | "a circuit constructed on a single monolithic substrate" |
| "the physical viewing area corresponding to the manipulable area portion and the representation of the control tool" | '937 Patent, claims 1, 13 | "the physical viewing area where the representation of the control tool overlays the manipulable area portion" |
| Order of steps | '937 Patent, claim 1 | [1.3] must occur before [1.4]; [1.4] must occur before [1.5]; [1.5] must occur before [1.6]. |
| Order of steps | '937 Patent, claim 2 | [2.2] must occur before [2.3]. |
| "dynamically displaying at least a portion of the call trace information that was received" | '572 Patent, claim 17 | "displaying at least a portion of the call trace information that was received without requiring further user interaction between receiving and displaying the call trace information" |
| "independent connections with different bandwidths" | '973 Patent, claims 1, 8, 21, 33 | Plain meaning |
| "means for displaying on the display a portion of the received notification messages and the associated message type indicators as entries in a single selectable list" | '973 Patent, claim 1 | Function: displaying on the display a portion of the received notification messages and the associated message type indicators as entries in a single selectable list<br><br>Structure: Display 2400, feature processor 3300, memory 3400, display module 3700, and message center 6100, including as recited and described in Figures 2, 3, 6, 7A, and 7B, and equivalent |

| Term | Claims | Agreed Construction |
|---|---|---|
| "means for displaying on the display detailed information about a sender of the selected pending message upon direction from the user" | '973 Patent, claim 2 | <u>Function</u>: displaying on the display detailed information about a sender of the selected pending message upon direction from the user<br><br><u>Structure</u>: Display 2400, feature processor 3300, memory 3400, display module 3700, and message center 6100, including as recited and described in Figures 2, 3, 6, 7A, and 7B, and equivalent |
| "means for displaying at least one of sender home telephone number data, sender business telephone number data, sender cellular telephone number data, sender e-mail address data, and sender fax number data" | '973 Patent, claim 3 | <u>Function</u>: displaying at least one of sender home telephone number data, sender business telephone number data, sender cellular telephone number data, sender e-mail address data, and sender fax number data<br><br><u>Structure</u>: Display 2400, feature processor 3300, memory 3400, display module 3700, and message center 6100, including as recited and described in Figures 2, 3, 6, 7A, and 7B, and equivalent |
| "means for displaying one of the portions of the received notification messages and the associated graphical icon as a single entry in the single selectable list" | '973 Patent, claim 4 | <u>Function</u>: displaying one of the portions of the received notification messages and the associated graphical icon as a single entry in the single selectable list<br><br><u>Structure</u>: Display 2400, feature processor 3300, memory 3400, display module 3700, and message center 6100, including as recited and described in Figures 2, 3, 6, 7A, and 7B, and equivalent |
| "means for displaying a sender identification and the associated graphical icon as a single entry in the single selectable list" | '973 Patent, claim 5 | <u>Function</u>: displaying a sender identification and the associated graphical icon as a single entry in the single selectable list<br><br><u>Structure</u>: Display 2400, feature processor 3300, memory 3400, display module 3700, and message center 6100, including as recited and described in Figures 2, 3, 6, 7A, and 7B, and equivalent |

| Term | Claims | Agreed Construction |
|---|---|---|
| "means for displaying a sender identification and the associated message type indicator as a single entry in the single selectable list" | '973 Patent, claim 6 | <u>Function</u>: displaying a sender identification and the associated message type indicator as a single entry in the single selectable list<br><br><u>Structure</u>: Display 2400, feature processor 3300, memory 3400, display module 3700, and message center 6100, including as recited and described in Figures 2, 3, 6, 7A, and 7B, and equivalent |
| "means for displaying on the display screen an identification of the sender and the associated message type indicator for each of the received notification messages as entries in a single selectable list to allow the user to select one of the pending messages from the single selectable list for viewing" | '973 Patent, claim 21 | <u>Function</u>: displaying on the display screen an identification of the sender and the associated message type indicator for each of the received notification messages as entries in a single selectable list to allow the user to select one of the pending messages from the single selectable list for viewing<br><br><u>Structure</u>: Display 2400, feature processor 3300, memory 3400, display module 3700, and message center 6100, including as recited and described in Figures 2, 3, 6, 7A, and 7B, and equivalent |
| "means for directing the display screen to display detailed information about the sender of the selected pending message in response to selection by the user" | '973 Patent, claim 21 | <u>Function</u>: directing the display screen to display detailed information about the sender of the selected pending message in response to selection by the user<br><br><u>Structure</u>: Display 2400, feature processor 3300, memory 3400, display module 3700, and message center 6100, including as recited and described in Figures 2, 3, 6, 7A, and 7B, and equivalent |

| Term | Claims | Agreed Construction |
|---|---|---|
| "means for displaying each of the sender identification and the associated graphical icons as separate entries in the single selectable list" | '973 Patent, claim 24 | <u>Function</u>: displaying each of the sender identification and the associated graphical icons as separate entries in the single selectable list<br><br><u>Structure</u>: Display 2400, feature processor 3300, memory 3400, display module 3700, and message center 6100, including as recited and described in Figures 2, 3, 6, 7A, and 7B, and equivalent |
| "means for displaying the detailed sender information for the selected pending message only upon direction from the user" | '973 Patent, claim 25 | <u>Function</u>: displaying the detailed sender information for the selected pending message only upon direction from the user<br><br><u>Structure</u>: Display 2400, feature processor 3300, memory 3400, display module 3700, and message center 6100, including as recited and described in Figures 2, 3, 6, 7A, and 7B, and equivalent |
| "means for directing the display screen to display at least one of sender home telephone number data, sender business telephone number data, sender cellular telephone number data, sender e-mail address data, and sender fax number data" | '973 Patent, claim 26 | <u>Function</u>: directing the display screen to display at least one of sender home telephone number data, sender business telephone number data, sender cellular telephone number data, sender e-mail address data, and sender fax number data<br><br><u>Structure</u>: Display 2400, feature processor 3300, memory 3400, display module 3700, and message center 6100, including as recited and described in Figures 2, 3, 6, 7A, and 7B, and equivalent |
| "address of the filter node" | '298 Patent, claims 11, 14-15, 19, 23-24, 27-28, 31 | "unique identifier of the filter node on a public network such as the Internet" |

The Parties agree the following terms require the specified antecedent basis:

| '937 Patent Antecedent Basis Constructions | |
|---|---|
| "the user input" | Refers to "a user input" in the "receiving" limitation of claim 1, or the "means for receiving" limitation of claim 13 |

| '937 Patent Antecedent Basis Constructions | |
|---|---|
| "said control tool" / "the control tool" | Refers to "a control tool" in the "displaying" limitation of claim 1, or the "means for displaying" limitation of claim 13 |
| "said manipulable area portion" / "the manipulable area portion" | Refers to "a manipulable area portion" in the "providing" limitation of claim 1, or the "means for providing" limitation of claim 13 |
| "the representation of the control tool" | Refers to "a representation of a control tool" in the "displaying" limitation of claim 1, or the "means for displaying" limitation of claim 13 |
| "the at least one control tool function" | Refers to "at least one control tool function" in the "displaying" limitation of claim 1, or the "means for displaying" limitation of claim 13 |
| "the at least one manipulation function" | Refers to "at least one manipulation function" in the "providing" limitation of claim 1, or the "means for providing" limitation of claim 13 |

The Parties agree on the function only for the following means plus function terms. The parties do not agree on what structure, if any, corresponds to these functions. As set out in Exhibits A and B, Google maintains that certain terms are indefinite; Rockstar disagrees.

| Term | Claims | Agreed Construction |
|---|---|---|
| "means for determining a message type of the pending messages from the information corresponding to the received notification messages" | '973 Patent, claim 1 | The function is "determining a message type of the pending messages from the information corresponding to the received notification messages" |
| "means for associating a message type indicator with each of the received notification messages based on the determined message type" | '973 Patent, claim 1 | The function is "associating a message type indicator with each of the received notification messages based on the determined message type " |
| "means for receiving a selection of one of the pending messages based on the entries in the single selectable list" | '973 Patent, claim 1 | The function is "receiving a selection of one of the pending messages based on the entries in the single selectable list" |
| "means for retrieving [manipulating] the selected pending message for viewing and manipulation by the user." | '973 Patent, claim 1 | The function is "retrieving the selected pending message for viewing and manipulation by the user" |

| Term | Claims | Agreed Construction |
|---|---|---|
| "means for accessing an external mail server" | '973 Patent, claim 7 | The function is "accessing an external mail server" |
| "means for retrieving the selected pending message from the external mail server" | '973 Patent, claim 7 | The function is "retrieving the selected pending message from the external mail server" |
| "means for associating a message type indicator with each of the received notification messages based on the message type of the corresponding pending message" | '973 Patent, claim 21 | The function is "associating a message type indicator with each of the received notification messages based on the message type of the corresponding pending message" |
| "means for determining a characteristic of the communication event" | '131 Patent, claim 1 | The function is "determining a characteristic of the communication event" |
| "means for selecting a notification based on the characteristic" | '131 Patent, claim 1 | The function is "selecting a notification based on the characteristic" |
| "means for sending the user the selected notification" | '131 Patent, claim 1 | The function is "sending the user the selected notification" |
| "means for receiving a selection from the user indicating a format for delivery of further notification information regarding the communication event" | '131 Patent, claim 1 | The function is "receiving a selection from the user indicating a format for delivery of further notification information regarding the communication event" |
| "means for allowing the further notification information regarding the communication event to be sent to the user in the selected format" | '131 Patent, claim 1 | The function is "allowing the further notification information regarding the communication event to be sent to the user in the selected format" |
| "means for buffering further data packets received from the first network while waiting for the return packet" | '298 Patent, claim 32 | The function is "buffering further data packets received from the first network while waiting for the return packet" |

| Term | Claims | Agreed Construction |
|---|---|---|
| "means for receiving from the first network, a data packet having destination information, which includes a destination address and a destination port, corresponding to a node in the second network and having source information, which includes a source address and a source port, corresponding to a node in the first network" | '298 Patent, claim 27 | The function is "receiving from the first network, a data packet having destination information, which includes a destination address and a destination port, corresponding to a node in the second network and having source information, which includes a source address and a source port, corresponding to a node in the first network" |
| "means for sending to the second network, the data packet having the replaced source information, whereby that packet is routed according to its destination information to the corresponding second network node" | '298 Patent, claim 27 | The function is "sending to the second network, the data packet having the replaced source information, whereby that packet is routed according to its destination information to the corresponding second network node" |
| "means for receiving from the second network, a data packet having the address of the filter node as the destination address" | '298 Patent, claim 28 | The function is "receiving from the second network, a data packet having the address of the filter node as the destination address" |
| "means for correlating the destination port of the destination information in the data packet to particular source information being maintained" | '298 Patent, claim 28 | The function is "correlating the destination port of the destination information in the data packet to particular source information being maintained" |
| "means for sending to the first network the data packet having the replaced destination information, whereby that packet is routed according to its destination information to the corresponding first network node" | '298 Patent, claim 28 | The function is "sending to the first network the data packet having the replaced destination information, whereby that packet is routed according to its destination information to the corresponding first network node" |

| Term | Claims | Agreed Construction |
|---|---|---|
| "means for ignoring a data packet received from the second network, if the destination port of the destination information in that data packet can not be correlated to the maintained source information" | '298 Patent, claim 29 | The function is "ignoring a data packet received from the second network, if the destination port of the destination information in that data packet can not be correlated to the maintained source information" |
| "means for receiving from the first network, a data packet having a destination address corresponding to a node in the second network" | '298 Patent, claim 31 | The function is "receiving from the first network, a data packet having a destination address corresponding to a node in the second network" |
| "means for sending to the second network the data packet having the replaced source address, whereby that packet is routed to the corresponding second network node" | '298 Patent, claim 31 | The function is "sending to the second network the data packet having the replaced source address, whereby that packet is routed to the corresponding second network node" |
| "means for receiving a return packet from the second network, responsive to the data packet having the replaced source information" | '298 Patent, claim 31 | The function is "receiving a return packet from the second network, responsive to the data packet having the replaced source information" |
| "means for sending to the first network the return packet having the replaced destination address, whereby that packet is routed to the corresponding the first network node" | '298 Patent, claim 31 | The function is "sending to the first network the return packet having the replaced destination address, whereby that packet is routed to the corresponding the first network node" |
| "means for buffering further data packets received from the first network while waiting for the return packet, and | '298 Patent, claim 32 | The function is "buffering further data packets received from the first network while waiting for the return packet" |
| means for controlling means (b) through (g) on an individual basis for processing the further packets, if any, that were buffered" | '298 Patent, claim 32 | The function is "controlling means (b) through (g) on an individual basis for processing the further packets, if any, that were buffered" |

## II. EACH PARTY'S PROPOSED CONSTRUCTION OF EACH DISPUTED CLAIM TERM, PHRASE, OR CLAUSE, TOGETHER WITH AN IDENTIFICATION OF INTRINSIC AND OTHER EVIDENCE

Exhibits A and B, attached hereto, identify the disputed claim terms. Exhibit A contains Google's proposed constructions for each disputed claim term and intrinsic and other evidence in support; Exhibit B contains Rockstar's proposed constructions for each disputed claim term and intrinsic and other evidence in support.

## III. MOST SIGNIFICANT TERMS

The parties identify the following ten claim terms, or groups of claim terms, as the most significant at this time to resolution of the case. Where the parties have listed groups of claim terms, the parties believe there is a single dispute that will resolve construction of the grouped claim terms:

1. "pending message" (claims 1, 2, 5-8, 10-13, 21-23, 25, '973 patent)
2. "the board" / antecedent basis of "the board" (claim 1, '551 patent)
3. "sending the user" (claims 1 and 5, '131 patent)
4. "call" (claims 17-20) / "call trace" (claims 17-20) / "call trace information" (claims 17-20, '572 patent)
5. "permitting the at least one control tool function to be activated when the user input does select the control tool" (claims 1, 13, '937 patent)
6. "wherein the notification messages are received from an interface with independent connections with different bandwidths for [the] different types of pending messages" / "wherein the notification messages are received from an interface with independent connections with different bandwidths for the different types of the plurality of message senders" (claims 1, 8, 33, '973 patent)
7. "a Faraday cage" (claim 1, '551 patent)
8. "manipulable area portion" (claims 1-3, 9, 13-15, and 21, '937 patent)
9. "determining if the user input selects the control tool" (claims 1 and 13, '937 patent)

1     10.   "storing the call trace information" (claim 20, '572 patent)

### A. Google's Position

Despite Google's request that Rockstar reduce the number of asserted claims, Rockstar is currently asserting over 80 claims from seven patents. Google has made good faith efforts to narrow and to limit the number of claim construction disputes, and to focus the disputes before the Court despite the fact that Rockstar continues to assert an unreasonable number of patents, and an unreasonable number of claims from those patents.

Google prepared a detailed proposal for case narrowing, and sent that proposal to Rockstar on September 24, 2014. After the Federal Circuit's stay of the Texas actions, Google asked Rockstar to confirm that any case narrowing procedures in this action would apply equally to the Texas actions that have been stayed while this action is pending. Google believes that the parties should agree that any claims or patents eliminated from the California action through case narrowing would also be eliminated from the stayed Texas actions. Without such an agreement, there will not be an actual "narrowing" of the parties' dispute—only venue-shifting would be accomplished. This would defeat the efficiencies that the Federal Circuit identified as the basis for the stay. With this condition, Google remains committed to the case narrowing procedure that Google first proposed nearly two months ago. At this time, it appears that Rockstar is only willing to narrow its case against Google – not against Google's customers, the OEM defendants in the Texas actions.[1]

Given the number of patents, claims, and claim terms currently at issue, Google respectfully submits that in addition to the ten terms identified pursuant to

---

[1] Rockstar's position statement complains that "No response from Google (or the EDTX defendants) has been received" to a particular question. To clarify the record, Rockstar posed this question for the first time today, October 24, 2014.

Rule 4-3(c), there remain additional terms that are significant to resolution of this case. For example, many asserted claims include means-plus-function limitations. These means-plus-function limitations must be construed before trial, and their construction is at least as "significant to the resolution of the case" as any other term identified for construction. Moreover, as examples, Google also identifies the following additional terms as equally "most significant to the resolution of this case:"

1. "means for receiving a selection from the user indicating a format for delivery of further notification information regarding the communication event" / "receiving a selection from the user indicating a format for delivery of further notification information" (claims 1 and 5, '131 patent)

2. "further notification information" (claims 1 and 5, '131 patent)

3. "wizard" (claim 1, '591 patent)

4. "logging the call trace information" (claim 19, '572 patent)

5. "maintaining, by the filter node" (claim 11) / "maintaining the source information taken from the outgoing data packet in correlation with a unique value representing a port of the filter node" (claims 14, 19, 23) / "maintaining the source address taken from the data packet" (claim 24) / "means for maintaining the source information taken from the outgoing data packet in correlation with a unique value representing a port of the filter node" (claim 27) / "means for maintaining the source address taken from the data packet" (claim 31) (claims 11, 14, 19, 23, 24, 27, 31, '298 patent)

6. "receiving a user input to the physical viewing area corresponding to the manipulable area portion and the representation of the control tool" (claims 1, 13, '937 patent)

7. "extending across substantially the whole area within the confines of the edges of the substrate" (claim 1, '551 patent)

8. "collection of palettes" (claim 1, '591 patent)

9. "filter node" (claims 11-12, 14-15, 17, 19, 23-24, 27-32, '298 patent)

While Google considers the claim terms above representative of terms that are significant for the resolution of the case, Google notes that resolution of claim construction disputes will not occur until summary judgment briefing and argument, which is many months away. (Dkt. 88.) The parties have not yet engaged in expert

discovery and are still pursuing fact discovery from each other and from third parties. Further discovery (or case narrowing) may cause the list of "most significant" terms to be different at the time of summary judgment briefing relative to what it is today. Thus, Google's motions for summary judgment may seek construction of terms not listed above, as necessitated by subsequent case developments, including upcoming fact and expert discovery.

### B. Rockstar's Position

Rockstar is agreeable to case narrowing and has made several case narrowing proposals to Google. However, and as indicated above, Google has rejected each case narrowing proposal. Google insists on making any case narrowing proposal in this case contingent on Rockstar's agreement "that any claims or patents eliminated from this California action through case narrowing would also be eliminated from the stayed Texas actions." So that Rockstar could consider Google's "contingency," Rockstar asked Google (and the EDTX defendants) to provide a clear "yes" or "no" response to this statement: "Will each of the defendants in the presently-stayed EDTX case agree to be bound by any infringement and validity findings in the NDCA case?" No response from Google (or the EDTX defendants) has been received. Case narrowing is a two-way street requiring effort and agreement from both parties to limit not just the number of asserted claims, but also the number of prior art references and obviousness combinations.

## IV. THE ANTICIPATED LENGTH OF TIME NECESSARY FOR THE CLAIM CONSTRUCTION HEARING

Should the Court order a separate hearing on claim construction, the parties believe that at least six hours will be necessary.

## V. POSSIBLE WITNESSES AT THE CLAIM CONSTRUCTION HEARING

### A. Google's position

Should the Court order a separate hearing on claim construction, Google may call Dr. Marwan Hassoun to provide testimony regarding the '551 patent, including indefiniteness of the term "extending across substantially the whole area within the confines of the edges of the substrate."[2]

### B. Rockstar's position

Should the Court order a separate hearing on claim construction, Rockstar does not intend to present any live witnesses in support of its claim constructions. However, if Google calls Dr. Hassoun in support of the alleged indefiniteness of the term "extending across substantially the whole area within the confines of the edges of the substrate," Rockstar will call Dr. Dean Neikirk in rebuttal to Dr. Hassoun.

Notwithstanding Google's statement in footnote 2, Google's Rule 4-2 disclosure does not indicate which patents or which terms the various experts identified therein may be called to testify about. The information about Dr. Hassoun's anticipated testimony was not disclosed until Google sent its draft of the Rule 4-3 statement shortly before the joint filing of this document. Consistent with Rockstar's Rule 4-2 disclosure, this Rule 4-3 disclosure properly indicates that it "will call Dr. Dean Neikirk in rebuttal to Dr. Hassoun."

---

[2] Google disclosed its intent to rely on testimony from Dr. Hassoun as claim construction evidence in Google's Patent Rule 4-2(b) disclosure. Dr. Neikirk was not mentioned in Rockstar's Patent Rule 4-2(b) disclosure.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| DATED: October 24, 2014 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By:  /s/  *Patrick D. Curran*

Charles K. Verhoeven (Bar No. 170151)
Sean Park (Bar No. 219032)
David Eiseman (Bar No. 114758)
Kristin J. Madian (Bar No. 233436)
quinn-google-n.d.cal.-13-05933@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600
(415) 875-6700 facsimile

Victoria F. Maroulis (Bar No. 202603)
quinn-google-n.d.cal.-13-05933@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
(650) 801-5000
(650) 801-5100 facsimile

Patrick D. Curran (Bar No. 241630)
quinn-google-n.d.cal.-13-05933@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
(212) 849-7100 facsimile

*Attorneys for Google Inc.*

| | |
|---|---|
| DATED: October 24, 2014 | Respectfully submitted, |

By   */s/ Joshua W. Budwin*
Courtland L. Reichman (SBN 268873)
McKool Smith Hennigan, P.C.
255 Shoreline Drive Suite 510
Redwood Shores, CA 94065
(650) 394-1400
(650) 394-1422 (facsimile)

Mike McKool (Admitted Pro Hac Vice)
mmckool@mckoolsmith.com
Douglas A. Cawley (Admitted Pro Hac Vice)
dcawley@mckoolsmith.com
Ted Stevenson III (Admitted Pro Hac Vice)
tstevenson@mckoolsmith.com
David Sochia (Admitted Pro Hac Vice)
dsochia@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court Suite 1500
Dallas, TX 75201
(214) 978-4000
(214) 978-4044 (facsimile)

Joshua W. Budwin (Admitted Pro Hac Vice)
jbudwin@mckoolsmith.com
McKool Smith, P.C.
300 W. 6th Street, Suite 1700
Austin, TX 78701
(512) 692-8700
(512) 692-8744 (facsimile)

*Attorneys For Defendants*
*Rockstar Consortium U.S. LP and Mobilestar Technologies LLC*